**UNITED STATES,**
Appellee,

v.

**James BRANCH, Appellant.**

**No. 48, Docket 25149.**

United States Court of Appeals
Second Circuit.

Argued Oct. 20, 1958.

Decided Dec. 10, 1958.

Edward N. Costikyan, New York City, for appellant.

Arthur H. Christy, U. S. Atty., New York City, Earl J. McHugh and George I. Gordon, Asst. U. S. Attys., New York City, of counsel, for appellee.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

SWAN, Circuit Judge.

In May 1954 the appellant was convicted upon a jury trial of having made an unlawful sale of heroin to Thomas Stewart, Jr., an agent of the Bureau of Narcotics, on August 18, 1953. He was sentenced as a fifth offender to a term of 15 years which he is now serving in the Leavenworth penitentiary. The only testimony as to the sale was given by Agent Stewart. The defendant set up an alibi defense but the jury did not believe his witnesses. He filed notice of appeal from his conviction but the appeal was dismissed for lack of prosecution.

The present appeal is from an order entered March 10, 1958 by Judge Murphy, the trial judge, denying without a hearing a motion brought under 28 U.S.C.A. § 2255 to set aside the appellant's conviction and sentence on the ground that the prosecution knowingly used perjured testimony.[1]

1. The testimony claimed to be perjured was that of Agent Stewart. The contention is that his knowledge that he testified falsely, if it be assumed that he did, is attributable to the government. There is no suggestion that the United States Attorney knew that Stewart's testimony was perjury.

The basis for the motion is an unsworn written statement signed by a special employee of the Narcotics Bureau named Eason. On September 3, 1954, during the pendency of appellant's first appeal, he encountered Eason in the Federal House of Detention in New York, and obtained from him the above mentioned statement, which was to the effect that Eason had accompanied Agent Stewart to appellant's home in August 1953 but no sale of heroin was there made, and that in Eason's opinion appellant had been "framed." Five days later on September 8, 1954, at the office of the United States Attorney and in the presence of Mr. William Richter, the attorney who represented appellant at his trial, Eason made an unsworn retraction of his September 3rd statement. He said that he was induced to give that statement because of fear of appellant and because appellant had promised to help him get out on bail.[2] He said also that in fact a sale of heroin had occurred as Stewart had testified and that his (Eason's) statement to the contrary was untrue. A stenographic report of what Eason said in his retraction was presented on the present motion. Also presented was a letter dated February 5, 1958, which was a reply to a request by appellant's counsel that Eason write him "what actually happened in the Branch case." This letter again repudiates the September 3rd statement and corroborates Stewart's testimony. In opposition to the motion there was also submitted to Judge Murphy Eason's testimony before the grand jury which indicted appellant. This testimony long antedated Eason's unsworn statement of September 3, 1954. It corroborated Agent Stewart's testimony as to the sale. The motion was denied in a memorandum printed in the margin.[3]

We think the order should be affirmed.[4] The present motion, if treated

---

**2.** The charge for which Eason was held in the Federal House of Detention was not related to appellant's conviction.

**3.** Murphy, D.J.

This is a motion nominally brought under the aegis of § 2255, Title 28, by an attorney appointed by the Court of Appeals to represent Branch on his appeal which was abandoned, but without any other apparent or disclosed authority other than he felt constrained to offer to prepare the necessary papers.

Although nominated as a § 2255 motion it is in reality a motion for a new trial although counsel characterizes it as in the nature of a writ coram nobis, three years and nine months after the judgment of conviction; based upon the usual statement of a prison inmate that someone at the trial at which he was not present committed perjury.

This identical motion in many different forms has been continuously made over the intervening years and was found to be without merit on each occasion. The instant motion, although more elaborately festooned, adds nothing of substance not contained in the prior motions, except perhaps a more heated denial by the alleged corroborator of the truth that the statement he once gave the accused was true.

It is amusing that the papers contain again the question of the defendant's alibi, which was specifically passed upon by the jury. If he was in Saratoga at the time of the crime obviously the crime could not have been committed in the Southern District. These matters were presented to the jury and their conclusion brands the defendant and his witnesses on that issue as mistaken, to use a mild word.

In short we feel that the motion has no merit; that it is not a motion properly brought under § 2255 and that it is a "little" late for a new trial, and on all these grounds it is denied.

This is an order. No settlement is necessary.

**4.** Prior to this motion, appellant presented five other petitions to the District Court under § 2255 to set aside his conviction. Three of these prior motions raised substantially the same, if not the identical, issue presented on this appeal, the alleged perjured testimony of Agent Stewart. All of these motions were carefully considered by Judge Murphy and none of them was found substantial enough to warrant a hearing. The present motion, as Judge Murphy has pointed out, adds nothing of substance to the prior petitions. See Dunn v. United States, 6 Cir., 234 F.2d 219. Section 2255 expressly provides that "the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner," but we do not rely upon this provision as the prior motions were also denied without a hearing.

as though presented for the first time, does not assert a proper basis for relief under § 2255. Eason was not called as a witness at the trial, although the trial record clearly shows that Eason, under the alias James Farber, was known to appellant. Agent Stewart testified that Eason had accompanied him to appellant's home and was present when the sale was made. The appellant heard this testimony and could have called Eason as a witness before the trial ended. While witness Cusack was on the stand, in response to a question by the court, he stated that James Farber (Eason) "is available * * * he is in the city of New York." Record 285. In an application for bail pending sentence, appellant's attorney asserted that Eason had approached appellant a couple of weeks before for money to leave town and had left his address and the telephone number where he could be reached. Record 349. Thus it is clear that appellant, relying on his alibi defense, made a deliberate choice not to call Eason. Having done so he cannot now by way of motion under § 2255 assert a defense (proof by Eason of alleged perjury by Stewart) which was available but not presented at the trial. Taylor v. U. S., 8 Cir., 229 F.2d 826, 833, certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500; Shibley v. U. S., 9 Cir., 237 F.2d 327, 332, certiorari denied 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed. 2d 77; United States v. Rosenberg, 2 Cir., 200 F.2d 666, 668, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384.

In addition to the above grounds for affirmance we think Eason's unsworn statement of September 3 that no sale occurred when he was present with Agent Stewart in appellant's home was too unsubstantial to require a hearing. It was contradicted not only by Eason's two unsworn retractions but by his grand jury testimony given under oath. See United States v. Smith, 2 Cir., 257 F.2d 432, 434.

Nor was any error committed by Judge Murphy's examination of the grand jury minutes. They were part of the trial record and as such he was entitled to consider them either on his own motion or on request of the United States Attorney. Indeed, they were considered by him in denying appellant's 1954 motion for a new trial. Nor is it clear that present counsel ever asked that he be furnished with a copy of the grand jury minutes. They are printed in the Appendix to the Government's brief, and we cannot conceive of any way in which they could have aided counsel in presenting the present motion, if he had been furnished with a copy.

The court wishes to express to appellant's counsel thanks for his voluntary services and appreciation of the competent manner in which his client's interests have been presented.

The order is affirmed.