**UNITED STATES of America,**
**Appellee,**

v.

**Oliver SMITH, Petitioner-Appellant.**

**No. 377, Docket 27276.**

United States Court of Appeals
Second Circuit.

Submitted June 11, 1962.

Decided June 27, 1962.

Oliver Smith, petitioner-appellant, pro se.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Andrew T. McEvoy, Jr., David Klingsberg, Asst. U. S. Attys., for United States.

Before FRIENDLY, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM.

Oliver Smith appeals from an order of the District Court for the Southern District of New York denying, without an evidentiary hearing, his motion, under 28 U.S.C. § 2255, to set aside a conviction for selling a parcel of heroin on April 28, 1959, which we affirmed at our last term, 283 F.2d 760 (2 Cir., 1960), cert. denied, 365 U.S. 851, 81 S.Ct. 815, 5 L.Ed.2d 815 (1961). Decision hinges on whether the District Judge was warranted in concluding that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," under the strict construction of that phrase of the statute which is dictated by the Supreme Court's decisions, Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830 (1941); Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302 (1942); U. S. ex rel. Farnsworth v. Murphy, 358 U.S. 48, 79 S.Ct. 76, 3 L.Ed.2d 46 (1958). We hold that he was.

Smith's well-written *pro se* brief limits his claims on appeal to misconduct by agents of the Bureau of Narcotics and especially by Avant, the Government's principal witness. These claims, which have several facets, are based on an affidavit of Mack, a "special employee," who testified for Smith at the trial in June, 1960, and is now incarcerated with him at Lewisburg after conviction, on a plea of guilty, apparently on the narcotics charge which he related in his trial testimony. Mack's statement that no sale of narcotics was ever made by Smith in his

presence does not even begin to tender an issue of perjury, since Avant had not named Mack as among those present on that occasion; his further statement that Smith never acknowledged in his presence having any narcotics in his possession or any knowledge where these could be illegally purchased simply renews the issue of fact which the jury determined. Another facet concerns the degree of Avant's acquaintance with Smith during the war. Avant testified that he and Smith both served in the 369th Coast Artillery Regiment, that he had seen Smith "around the regiment," but that he "didn't know him at all," they being in different battalions. Mack now asserts that he, Avant and Smith "were well known to each other, having been members of the same branch, same regiment of the Armed Forces during World War two.—The 369th Coast Artillery" and that "Army records must and will show that we, aforementioned three were in almost daily contact during 1941 and 1942 in Oswego, New York, and Camp Edwards, Massachusetts." Whether or not the Army had any such records, or preserved them if it had, Smith has produced none—not even records to rebut Avant's testimony that he and Smith were in different battalions. Moreover, Smith chose not to testify at the trial, and Mack gave the following testimony on direct examination by Smith's counsel:

"Q. Can you tell me whether you and Avant, Agent Avant, and Smith ever met or were together during the time you were in service? A. Well, I imagine sometime, but I couldn't say offhand."

Furthermore, the whole issue of the extent of Avant's wartime acquaintance with Smith hardly rises to a level of materiality sufficiently significant to warrant action under § 2255 even if Avant knowingly minimized it to some degree, United States v. Kyle, 297 F.2d 507 (2 Cir. 1961). Finally, Mack claims that "During Mr. Smith's trial, Agent Avant came to my house and coerced me into signing false statements implicating Mr. Smith in my narcotic sales." The ref-

erence, apparently, is to a statement signed two weeks before the trial began, which Government counsel used to discredit Mack on cross-examination, although he disavowed it, 283 F.2d at 762. The defense, with whom Mack was co-operating, had full opportunity to bring out the facts now alleged, if facts they be, United States v. Branch, 261 F.2d 530 (2 Cir. 1958), cert. denied, 359 U.S. 993, 79 S.Ct. 1125, 3 L.Ed.2d 981 (1959).

Hence, assuming in Smith's favor that perjury or subornation of perjury by Avant on a material issue would warrant relief under § 2255, even though Avant's alleged misconduct is not even alleged to have been known to the prosecutor, see Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942); Curran v. Delaware, 259 F.2d 707, 712–713 (3 Cir. 1958), cert. denied, 358 U.S. 948, 79 S.Ct. 355, 3 L.Ed.2d 353 (1959), Judge McGohey was justified in denying the instant motion without a hearing.

Affirmed.