UNITED STATES of America, Plaintiff-Appellee,

v.

George DeDOMINICIS, Defendant-Appellant.

No. 378, Docket 28200.

United States Court of Appeals Second Circuit.

Argued April 6, 1964.

Decided May 22, 1964.

---

3. 24 Stat. 505, 28 U.S.C. § 1491 et seq.

Thaddeus S. Zolkiewiez, Asst. U. S. Atty., Western District of New York, Buffalo, N. Y. (John T. Curtin, U. S. Atty., Western District of New York, on the brief), for plaintiff-appellee.

Harold J. Boreanaz, Buffalo, N. Y., for defendant-appellant.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant was convicted after a jury trial before Judge John O. Henderson in the Western District of New York of buying unstamped and illegally imported heroin, in violation of 26 U.S.C. § 4704

and 21 U.S.C. § 174. He was sentenced to five years on each of 28 counts, the sentences to run concurrently. He was acquitted on one count.

■ Appellant was not caught with the heroin in his possession. The government's entire case rested on the testimony of one Albert Moreton, who, at the trial in March 1962, testified that during 1959 he supplied the defendant with about $80 worth of heroin each week for some 14 weeks. Though Moreton was an untrustworthy and unreliable character, the jury, after two days deliberation evidently decided to credit his testimony, as they had a right to do. Appellant did not take the stand and offered no testimony. Were there no errors in the admission of evidence or conduct of the trial the verdict would stand. United States v. Agueci, 310 F.2d 817, 833 (2 Cir.1962). However, we find error in the denial of a motion for mistrial based on the admission of prejudicial hearsay testimony, and reverse the judgment and remand for new trial.

■ None of the individual points raised by the appellant's brief standing alone and in the abstract would convince us that the conviction should not stand, but taken in the setting of this case we think the admission of inadmissible hearsay implying some association with a Canadian purveyor of narcotics, even though later stricken, was so likely to prejudice the defendant that the conviction may not be affirmed. Other rulings attacked on appeal we find correct. First it is argued that the trial court erred in allowing the government to introduce into evidence Exhibit G–2, a picture on which Moreton claimed he mixed a batch of the substances he sold the appellant. The basis of this contention is that an adequate chain of control with respect to this exhibit had not been established. Moreton had been living with two aunts until the middle of July of 1959, when he moved to another address. The picture was left in the bedroom in his aunts' apartment, resting on the floor and leaning against the wall. On October 28, 1959 a federal agent picked up the picture and had a substance adhering to it tested for narcotics. Analysis revealed heroin hydrochloride. Moreton testified that the room in which it was found was his bedroom, and that no one else slept there in his absence. While it is possible that someone might have gone into the room in Moreton's absence and mixed a batch of cut heroin hydrochloride on the glass of the picture, it is quite unlikely. Appellant's objection to the picture goes to its weight rather than its admissibility. We find no error in its admission.

■■ There is no merit to another point of appellant, that the statutory presumptions were not available to the government because there was no direct proof of possession. One weakness in this argument is that there was direct proof of possession in Moreton's testimony. Moreton testified that he delivered a substance to appellant on several occasions; that this substance produced the same reaction on him as the heroin in his possession when he was arrested; and that he had mixed the substance he sold appellant on the glass of the heroin tainted picture. In any case, even if the proof were circumstantial, it would suffice if convincing beyond a reasonable doubt. United States v. Agueci, supra, 310 F.2d at 828.

■ Additionally, appellant urges that the testimony of Dean Gavin, a Buffalo policeman, to the effect that he had seen appellant park a car registered to a girl who lived at an address to which Moreton had delivered drugs, was prejudicial hearsay. The testimony that he had seen defendant park the car was eye witness testimony. Testimony that the car was registered in the girl's name was secondary, since the witness had looked at Motor Vehicle records, but was subject to cross-examination. Failure to strike this may have been error but hardly sufficient for reversal. The testimony was to the contents of a public

record, easily checked. It served simply to bolster details in Moreton's testimony.

■■■■ Appellant's principal contention is that the court should have declared a mistrial when Moreton, on redirect examination, was permitted to reply to the question whether Charles Cippola, the Canadian supplier of the drug, knew or referred to the appellant. Cippola was not available to testify or to be cross-examined. When appellant's counsel renewed his objection to this attempt at guilt by association, the trial court sustained the objection and instructed the jury to disregard the improper question and answer. Error in admitting evidence may be cured by instructing the jury to disregard it unless it is so prejudicial that the jury will unlikely be able to erase it from their minds. United States v. Simone, 205 F.2d 480, 483 (2 Cir.1953). If it is so prejudicial, a mistrial should be ordered. Throckmorton v. Holt, 180 U.S. 552, 21 S.Ct. 474, 45 L.Ed. 663 (1901). We think the error in allowing the question was not cured, in the light of its setting in the circumstances of this trial, by the striking of the offending testimony and the instruction to disregard it.

The indictment, on which DeDominicis was convicted and sentenced, contained two thousand five hundred fifty-three counts. There were seventeen defendants. Appellant's case was severed and he was tried alone on twenty-nine counts. On Moreton's testimony of delivery to appellant about once a week over a period of about fourteen weeks, appellant was found guilty by the jury after two days' deliberation on fourteen counts under 26 U.S.C. § 4704 and fourteen counts under 21 U.S.C. § 174. On one additional count under 21 U.S.C. § 174, alleging knowing facilitation of concealment of imported heroin some months before the other incidents charged, the jury found appellant not guilty. There was no charge in any of the counts that appellant was a member of a conspiracy with the other defendants. So far as appears his sole participation was as a user. No good reason appears for his inclusion in a single document with so many other defendants or with such an extravagant number of charges. While a separate "work sheet" was furnished the jury as to the counts involving appellant, and separate copies of these counts #3 and #1244–1271 were also furnished, the jury from the designation of the numbered counts alone may well have been left with the impression that he was an integral part of an enormous criminal operation. Here the instructions against guilt by association were quite specific and would ordinarily be sufficient. When to the implications of this ridiculously long indictment, however, there is added the inadmissible hearsay testimony of Moreton linking DeDominicis with Cippola, the Canadian supplier, we think it too difficult a task for the jury successfully to put out of mind the alleged connection. It may be noted that the caliber of proof here was not of the best, even for a case of this nature, where the task of the jury in weighing credibility is always difficult. Moreton was on his own testimony an accomplice, a felon who faced the possibility of a third felony conviction in the state courts and who admittedly would go to great lengths to avoid further long term imprisonment. He had feigned insanity, invented a history of sexual perversion, hanged himself in a pretended suicide attempt and lied when it seemed feasible, all admittedly with that purpose in mind. Only he implicated DeDominicis. Moreton's credibility was for the jury, and while this court cannot conclude his testimony was inherently incredible, in view of its nature, trial errors call for close scrutiny. The prosecutor's eliciting, on redirect examination of Moreton, of the prejudicial hearsay tying up DeDominicis with the absent Cippola cannot stand such scrutiny.

Reversed and remanded for new trial.