**UNITED STATES of America,**
Appellee,

v.

**Joseph ABBINANTI, Appellant.**

**No. 135, Docket 28978.**

United States Court of Appeals
Second Circuit.

Submitted Oct. 28, 1964.

Decided Nov. 12, 1964.

John T. Curtin, U. S. Atty., Western District of New York, Buffalo, N. Y., on the brief, for appellee.

Joseph Abbinanti, pro se.

Before LUMBARD, Chief Judge, and HAYS and MARSHALL, Circuit Judges.

LUMBARD, Chief Judge.

Abbinanti appeals from the district court's denial of his application under 28 U.S.C. § 2255 to set aside his 1961 conviction in the Western District of New York on 83 counts of violating the federal narcotic laws by the purchase, possession and sale of heroin, 21 U.S.C. § 174, and numerous violations of the tax statute, 26 U.S.C. § 4704, in connection therewith. Following his conviction, Judge Henderson, on November 20, 1961, sentenced Abbinanti to 6 years imprisonment on each count, the sentences to run concurrently.

Throughout all stages of the proceedings in the district court Abbinanti was represented by counsel. After filing timely notice of appeal from his conviction, Abbinanti withdrew his appeal in April 1962.

It was not until December 2, 1963 that Abbinanti commenced this proceeding seeking to set aside his conviction on the claim that one of the principal witnesses

had committed perjury and that numerous errors were committed at trial. Although this court granted permission to appeal *in forma pauperis* and assigned counsel, Abbinanti later moved to dismiss his counsel and thereafter he submitted his own brief on this appeal, and at the same time he moved for admission to bail. As Abbinanti's incarceration prevents his appearance before us, we consider the case on the briefs and the record, without argument, according to our custom in such cases.

■ Abbinanti lays great stress on our decision in United States v. DeDominicis, 332 F.2d 207 (2 Cir. 1964), as he and DeDominicis were named in the same indictment. However, Abbinanti and DeDominicis were tried separately and the substantial errors committed during the trial of DeDominicis which led us to reverse his conviction were not committed at Abbinanti's trial.[1]

The minutes of Abbinanti's short trial disclose overwhelming evidence of his guilt. Albert Moreton testified that almost daily for a period of about six weeks from May 29, 1959 he sold $100 worth of heroin to Abbinanti. Moreton had obtained the drug from Canada and mixed it with milk sugar on the glass of a picture frame in his bedroom in Buffalo. This frame was later found by a customs agent and there was evidence that traces of heroin were still on the frame at that time. The amount of heroin which Moreton sold to Abbinanti daily was enough to fill about one hundred capsules. Moreton was usually paid in cash, occasionally by check, and on two occasions Abbinanti gave him a gun. One of these guns which Moreton gave to a man named Leroy Mansell was identified and placed in evidence at the trial. In addition, one Frank Crupe, Jr., who during the times in question was addicted to heroin, testified that during the period in 1959 he purchased heroin almost daily from Abbinanti in amounts of from four to thirteen capsules at $2.50 each. Abbinanti did not testify and he called only one witness in an attempt to account for his activities during three days in May 1959.

■ From our examination of the record we find Abbinanti's claims of error, including alleged improper admission of evidence, to be wholly without merit. Abbinanti claims that Moreton gave perjurious testimony as to the time when Moreton first met Abbinanti and when Moreton first dealt in narcotics. Even if Moreton was mistaken as to these matters, they have no direct bearing on whether Abbinanti purchased, possessed and sold narcotics himself for the period of time commencing in May 1959. In any event, these alleged discrepancies were known to Abbinanti at the time of trial and there was full opportunity to explore them. Kyle v. United States, 266 F.2d 670, 674 (2 Cir.), cert. denied 361 U.S. 870, 80 S.Ct. 131, 4 L.Ed.2d 109 (1959).

In our opinion reversing the conviction of DeDominicis we refer to only one matter which in any way affected Abbinanti, the large number of counts in the indictment. We thought it was error as to DeDominicis to bring to the jury's attention the fact that he was charged in an indictment naming so many others in view of the erroneous admission of hearsay statements concerning DeDominicis' relationship with Cippola, the Canadian supplier of the heroin, particularly as DeDominicis was shown only to have been a user of heroin. Such inadmissible evidence was not before the jury in this case.

As we affirm the district court's denial of the petitioner's application for relief under 28 U.S.C. § 2255, we also deny his motion to be admitted to bail.

---

1. Were it not for our reversal of the conviction of DeDominicis, we would summarily affirm, as the matters of which petitioner complains could have been reviewed by a motion for a new trial or by appeal from the conviction rather than by this proceeding under 28 U.S.C. § 2255. Sunal v. Large, 332 U.S. 174, 182, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); United States v. Angelet, 255 F.2d 383, 384 (2 Cir. 1958).