ON PETITION FOR REHEARING
ANDREWS, Acting Chief Judge.
This matter is before the court on petition of the defendant, Henry Baker, for reconsideration of a per curiam affirmance of his appeal entered by this court on May 13, 1966. Issues raised by the petition prompt this court to state our reasons for our af-firmance of the trial court order.
*584 The defendant was convicted of robbery by force and violence and was sentenced on September 7, 1962 to serve six months to thirty years in the state penitentiary, to run consecutively with another sentence imposed in Broward County, Florida. We have the benefit of the transcript of the testimony at the original trial before the court without a jury on July 22, 1962.
The undisputed testimony shows that the defendant, Henry Baker, was admitted to the back door of the home of Henry and Bertha Gordon in the early evening of July 7, 1962; that Baker had a gun and was accompanied by two other men. Thereafter, the testimony of the complaining witnesses and the defendant are in direct conflict.
The Gordons testified that they did not previously know the defendant; that the defendant and his two companions by pretense and a drawn gun induced Henry Gordon to admit them to the back door of his house; that they then ransacked his house, handcuffed and tied him up, and tied up his wife, and took from the Gordons the sum of $109.00 and a wristwatch. They further testified that during the ransacking of the house the wife, by subterfuge, was able to slip out a window, go to a neighbor’s house and call the police who arrived at the home shortly thereafter. Police officers testified that they found Henry Gordon with a cut over his eye and the house in shambles.
The defendant testified to the effect that he had purchased a bolita ticket from Gordon, his number had come up and he went to Gordon’s house in an attempt to collect his winnings; that Gordon knew him, admitted him to the house, and explained that he was bankrupt on the deal and could not pay off in full and that as a result Gordon paid him $82.00 on account of his winnings, and that he left peaceably. Defendant admitted that he had his shirttail out and a gun in his belt which could have been observed by the Gordons, but which he did not use in a threatening manner or remove from his belt.
The defendant, Baker, was represented by counsel appointed by the court throughout the trial and sentencing.
The court found the defendant guilty, and as a part of his concluding remarks stated that there was no question in his mind that the defendant knew Gordon was a bolita operator and picked him for said reason as his victim, and that the fact that Gordon testified that he had never sold a bolita ticket would justify investigation for perjury.
The defendant in his petition for Rule One, F.S.A. ch. 924 Appendix relief recites that he was requested by the police to turn state’s evidence in a prosecution of Henry Gordon as a bolita operator, and that if he would do so the charges of robbery against him would be dismissed; that he refused to accept this offer and that the Gordons were made a similar offer if they would assist in the prosecution of Baker for robbery; that the testimony of the Gordons was perjury and that the prosecutor knew of this fact at the time he produced the Gordons as witnesses against Baker.
Such allegations, if true, were known to defendant prior to the trial and at the time counsel was appointed to represent him. Under these circumstances such facts cannot be presented for the first time at a post conviction hearing. United States v. Smith, 306 F.2d 457 (2 Cir.1962); United States v. Branch, 261 F.2d 530 (2 Cir.1958); Taylor v. United States, 229 F.2d 826 (8 Cir.1956), certiorari denied 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500.
A careful review of the record does not disclose any basis for the defendant’s charge that the testimony of the prosecuting witness constituted perjury, and that such fact was known to the prosecuting attorney. See Gammage v. State, Fla.App.1964, 162 So.2d 529. The comment of the judge to the effect that the prosecuting witness was a known bolita operator would cast doubt upon his veracity, but would not indicate *585 that the- testimony which established the circumstances of the robbery was perjured.
Accordingly, we hold that the trial court properly denied the petition without hearing.
Petition for rehearing is denied.
BARNS, PAUL D., Associate Judge, concurs.