Lovell SMITH, # 80807, Petitioner,

v.

The STATE OF OKLAHOMA et al., Respondents.

No. CIV–76–0255—D.

United States District Court, W. D. Oklahoma.

June 1, 1976.

Lovell Smith, pro se.

Larry Derryberry, Atty. Gen. of Okl., by Paul Crowe, Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

Having exhausted all state remedies available to him, the above-named petitioner seeks a Writ of Habeas Corpus in this court on the ground that his detention by virtue of the judgment and sentence in the District Court of Oklahoma County, State of Oklahoma, in case no. CRF–70–931 is

unlawful because the prosecutor allegedly knowingly used perjured testimony to obtain petitioner's conviction.

The court has examined the files and records herein together with the files and records of this court in case no. CIV. 75–0922–D, a previous Habeas application by this same petitioner which file contains the original record and transcript of trial in said case no. CRF–70–931. From the court's examination of these records it appears that the petitioner, on November 23, 1969, stabbed and robbed one George Pogue, a cab driver for Yellow Cab Company. As a result, two charges were filed against the petitioner. In case no. CRF–69–2849 he was charged, tried by a jury and convicted of the offense of robbery with a dangerous weapon after former conviction of a felony. Judgment and sentence in that case was entered on March 9, 1970 and the petitioner filed a timely appeal to the Oklahoma Court of Criminal Appeals. In said case no. CRF–70–931 the petitioner was charged with the offense of assault and battery with a dangerous weapon after former conviction of a felony. He was tried by a jury, found guilty and sentenced on July 1, 1970 to seventy-five (75) years imprisonment. He then perfected an appeal to the Oklahoma Court of Criminal Appeals. Although the appeal from the conviction in case no. CRF–69–2849 had been filed in the court on March 12, 1970, a decision was not rendered therein until after the appeal from case no. CRF–70–931, which had been filed with the court on July 11, 1970, had been decided on February 24, 1971, affirming the judgment and sentence of the trial court. *Smith v. State,* Okl.Cr., 481 P.2d 804. Thereafter the appeals court on June 23, 1971 held in the appeal from the judgment and sentence in CRF–69–2849, that the petitioner could not be punished for both offenses and ordered case no. CRF–69–2849 dismissed. *Smith v. State,* Okl.Cr., 486 P.2d 770.

In the first trial, CRF–69–2849, the arresting officer testified that he arrested the petitioner in the Rolling Wheel Lounge on a tip from an "interested citizen" previously unknown to him who described the petitioner as being dressed in brown pants and brown shirt. In petitioner's subsequent trial in CRF–70–931, the same arresting officer testified that he arrested the petitioner in a poolhall next to the Rolling Wheel Lounge upon information received from a "reliable informant" of long acquaintanceship, that the man described in the police radiograms was present, wearing green pants and green shirt.

■ It is this inconsistency in the police officer's testimony which is the basis for petitioner's claim that he was convicted by the knowing use of perjured testimony. He makes the remarkable statement:

"It is irrelevant which version of testimony is accepted as true, for we know that both cannot be true."

Manifestly however, if the version in the challenged conviction was the correct one, there is no possible infirmity in his conviction. His general averment of the use of perjured testimony without a specific allegation that particular testimony in this case was false amounts to no more than a bald conclusion. Bald conclusions unsupported by allegations of fact impose no duty upon the court to conduct an evidentiary hearing. *Martinez v. United States,* 344 F.2d 325 (CA 10 1965).

■ In order that perjured testimony may provide grounds for the vacation of a conviction, the petitioner must establish that the testimony was false, that it was material, and that it was knowingly and intentionally used by the government to obtain the conviction. *McBride v. United States,* 446 F.2d 229 (CA 10 1971). It is not enough that there occurred at the trial mere inconsistencies or conflicts in the testimony of a witness or witnesses. *Anderson v. United States,* 403 F.2d 451 (CA 7 1968), cert. den. 394 U.S. 903, 89 S.Ct. 1009, 22 L.Ed.2d 215. The existence of such conflicts or inconsistencies does not of itself support a conclusion of perjury much less the knowing use of perjured testimony. *Lauer v. United States,* 320 F.2d 187 (CA 7 1963).

■ The entire testimony of the officer concerning the circumstances of the peti-

tioner's arrest had no real probative value. He testified to no facts which went to the guilt or innocence of the petitioner. His testimony was not really necessary and the state's case would not have been any less persuasive if he had not testified. The key witness for the state was the victim himself who positively identified the petitioner as his assailant. It was quite immaterial whether the petitioner was arrested in a bar or a poolhall, whether he was wearing brown or green clothes, whether the information as to his whereabouts came from an "interested citizen" or a "reliable informant".

 Petitioner's reliance upon *Napue v. Illinois,* 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) is wholly misplaced. In that case the witness made a false statement consisting of a specific denial of an explicit promise of a reduced sentence. The court held that the prosecution had a duty to reveal such falsity which was known to the prosecution but unknown to the defense. Here there was no suppression of evidence. Petitioner and his counsel, who had also represented the petitioner at the prior trial were certainly as much aware of the inconsistency in the officer's statements as the prosecution. The prisoner cannot assert in a collateral proceeding a defense of alleged perjured testimony which was available but not presented at the trial. *United States v. Abbinanti,* 338 F.2d 331 (CA 2 1964); *United States v. Branch,* 261 F.2d 530 (CA 2 1958). See also *United States v. Smith,* 306 F.2d 457 (CA 2 1962) and *Kyle v. United States,* 266 F.2d 670 (CA 2 1959). Here no such contention was made at the time of trial. The conflicting testimony was as well known to the defense as to the prosecution.

In summary, the petitioner's contention is completely frivolous. The falsity of the testimony complained of cannot be established. The allegation of knowing use is wholly conclusory and speculative. The evidence of the inconsistency was available to and known to the defense. Finally it cannot be said that the inconsistent testimony "could . . . in any reasonable likeli-hood have affected the judgment of the jury . . ." *Napue v. Illinois,* supra 360 U.S. at 271, 79 S.Ct. at 1178.

The files and records examined by the court conclusively show the petitioner is not entitled to relief and there are no material issues of fact. Therefore there is no necessity for this court to hold an evidentiary hearing. Accordingly the petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.