**UNITED STATES of America, Appellee,**

v.

**Rasheen LEWIS, also known as Rasheed Lewis, also known as "Noriega", also known as Francis G. Sheen, Kenneth Richardson aka "Prino", aka "Tyree", aka "Ricco", Aaron Harris, aka "Dog", aka "Toast", aka "DMX", aka "Hit Man Sosa", John Foster, also known as "D.C.", also known as Troy Kelly, also known as Anthony Johnson, also known as John Billups, also known as David Nunley, Luke Jones, aka "Mega", Defendants–Appellants.**

Nos. 01–1215, 01–1240, 01–1242, 01–1374, 01–1577.

United States Court of Appeals, Second Circuit.

Oct. 5, 2004.

Alex V. Hernandez, Assistant United States Attorney for the District of Connecticut, Bridgeport, CT, for United States of America, for Appellee.

David L. Lewis, Lewis & Fiore, New York, NY, for Rasheen Lewis; Barry M. Fallick, Rochman Platzer Fallick & Sternheim, LLP, New York, NY, for Kenneth Richardson; Laura J. Lefkowitz, Stavis & Kornfeld, LLP, New York, NY, for John Foster; Edward T. Murnane, Jr., Law Firm of Gary A. Mastronardi, Bridgeport, CT, for Luke Jones; Dawn E. Caradonna, Law Office of Dawn E. Caradonna, Peterborough, NH, for Aaron Harris, for Appellants.

Present: NEWMAN, CARDAMONE, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Five defendants: John Foster, Aaron Harris, Rasheen Lewis, Kenneth Richardson, and Luke Jones, appeal from the judgments of conviction and their sentences entered in the United States District Court for the District of Connecticut (Nevas, J.) on June 21, 2001, April 6, 2001, March 26, 2001, April 4, 2001, and October 29, 2001, respectively. A jury convicted Foster, Harris, Lewis and Richardson of conspiracy to distribute cocaine and heroin in violation of 21 U.S.C. § 846 in December 2000 and Jones pled guilty to unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in September 2000.

The parties' familiarity with the facts and procedural history of the case, as well as with the rulings of the district court and issues on appeal, is here assumed. We address the following challenges of defendant Harris and defendant Lewis to these judgments in a separate opinion filed today: (1) whether it was error for the district court to increase Harris' sentence for use of a minor pursuant to U.S.S.G. § 3B1.4; and (2) whether it was error for the district court to deny Lewis' motion to suppress evidence seized from his bedroom. The remaining issues raised on appeal are discussed in this summary order. For the reasons that follow, we affirm the judgments of conviction and sentences of the district court.

(1) With respect to defendant John Foster, the district court committed no error in disqualifying juror number 152 because a defendant's acceptance into Connecticut's accelerated pretrial rehabilitation program, Conn. Gen.Stat. § 54–56e (1999), does not suspend the charges "pending"

against the defendant for purposes of 28 U.S.C. § 1865(b)(5) (2000), but only suspends the adjudication of those charges. The charges therefore remain pending against the defendant until the rehabilitation term is complete. *See United States v. Bishop,* 264 F.3d 535, 556 (5th Cir.2001) ("Until supervision is complete ... the deferred adjudication is treated as a pending charge.").

In light of *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we do not address or decide whether Foster's sentence was imposed in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Rather, for the reasons stated in the opinion accompanying this order, the mandate of this Court shall be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, and *United States v. Fanfan,* No. 04–105.

■ (2) With respect to defendant Aaron Harris, the district court committed no error in disqualifying juror number 152 for the reasons just stated with respect to defendant Foster. The district court did not err under Federal Rule of Evidence 608(b) when it permitted the government to call Carolyn Jackson, Demetrius Brown, and George Jascewsky as part of its rebuttal case. It was within the discretion of the district court to conclude that the testimony of these witnesses refuted specific misstatements made by Harris on direct examination. *See United States v. Beverly,* 5 F.3d 633, 639 (2d Cir.1993) ("Once a defendant has put certain activity in issue by offering innocent explanations for or denying wrongdoing, the government is entitled to rebut by showing [through extrinsic evidence] that the defendant has lied."). The district court did not violate Harris' Sixth Amendment right to confront the witnesses against him by limiting the scope of Harris' cross-examination of Eugene Rhodes and Demetrius Brown, because the limits imposed did not deny the jury exposure to facts sufficient "to make a discriminating appraisal of the ... witness's credibility," *United States v. Laljie,* 184 F.3d 180, 192 (2d Cir.1999), and were reasonably calculated to avoid harassment, prejudice, confusion of the issues, and irrelevant interrogation. *See Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

■ It was not an abuse of the district court's discretion to admit Exhibits 56 and 56–A into evidence because the government introduced proof sufficient to allow a reasonable juror to find them authentic. *See United States v. Ruggiero,* 928 F.2d 1289, 1303–04 (2d Cir.1991). Nor did the district court err in instructing the jury regarding Harris' interest in the outcome of the trial because even compared with the significant interests of the cooperating witnesses, Harris' interest was singular. *See Reagan v. United States,* 157 U.S. 301, 304–05, 15 S.Ct. 610, 39 L.Ed. 709 (1895). Further, the district court properly denied Harris' motion to suppress the evidence seized in connection with the stop of the vehicle he was driving and his subsequent arrest on October 8, 1998, because the police had probable cause to believe the vehicle contained evidence of a crime (*i.e.,* cash to purchase drugs) and that Harris was committing an offense. The search was therefore lawful pursuant to the automobile exception, as well as incident to Harris' arrest.

■ Moreover, it was not an abuse of discretion for the district court to enhance Harris' offense level based on his leadership role because the evidence established that Harris, who served as the drug network's main source of supply, exercised a high degree of discretion in participating in the conspiracy, was involved at the highest level in planning and organizing the

offense, and had authority and control over other members of the conspiracy. *See United States v. Beaulieau,* 959 F.2d 375, 379–80 (2d Cir.1992) (finding that the district court properly applied the leadership-role enhancement to a defendant who acted as the conspiracy's main source of supply).

As with Foster's sentence, in light of *Blakely,* we do not address or decide whether Harris' sentence was imposed in violation of *Apprendi.* Rather, for the reasons stated in the opinion accompanying this order, the mandate of this Court shall be held pending the Supreme Court's decision in *Booker* and *Fanfan.*

All of Harris' other challenges, aside from his challenge to the district court's increase of his sentence under U.S.S.G. § 3B1.4, which is addressed in the opinion filed concurrently with this order, are without merit.

■ (3) With respect to defendant Luke Jones, the district court did not err by increasing Jones' offense level for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(5). Although Jones may not have been engaged in a narcotics offense at the time of his arrest on November 6, 1999 the evidence was sufficient to establish that he must, at that time, have had "knowledge, intent, or reason to believe" that the firearm would be used or possessed by him at some point in the future in connection with the narcotics conspiracy charged in the indictment. U.S.S.G. § 2K2.1(b)(5). Further, the district court's upward departure pursuant to U.S.S.G. § 4A1.3 was justified by its finding that Jones posed an exceptionally high risk of recidivism.

■ (4) With respect to defendant Rasheen Lewis, the evidence was sufficient to establish Lewis' membership in the con-spiracy charged in the indictment because the evidence at trial showed he ran a drug distribution network on Park Street, which sold the same brand of drugs as that sold in P.T. Barnum. Further, Lewis met with Manuel Hinojosa, Harris' supplier, at least three times in a two year period, and Lewis was intimately acquainted with Harris and with his operations in P.T. Barnum, facts from which the jury could infer that Lewis was a member of the conspiracy that included the P.T. Barnum operation. Nor did the district court err in declining to declare a mistrial on the basis of Officer Cosgrove's inadvertent reference to having previously arrested Lewis because any prejudice caused by the statement could have easily been addressed through a proper curative instruction, *see United States v. Fermin,* 32 F.3d 674, 677 (2d Cir.1994); *United States v. DeDominicis,* 332 F.2d 207, 210 (2d Cir.1964), and by declining such an instruction, Lewis waived his right to appellate review of this issue. *See United States v. Grubczak,* 793 F.2d 458, 462 (2d Cir.1986). All of Lewis' other challenges, other than his challenge to the district court's denial of his motion to suppress evidence, which is addressed in the opinion filed concurrently with this order, are without merit.

■ (5) With respect to defendant Kenneth Richardson, the district court committed no error in disqualifying juror number 152 for the reasons stated earlier with respect to defendant Foster. Richardson's sentence of life imprisonment did not violate the Eighth Amendment because this Circuit has ruled that "sentences of life imprisonment for narcotics dealers are not 'cruel and unusual' within the meaning of the Eighth Amendment." *United States v. Valdez,* 16 F.3d 1324, 1334 (2d Cir.1994) (holding that sentence of life imprisonment was not constitutionally disproportionate as applied to defendants convicted of par-

ticipating in a large-scale crack and cocaine distribution organization); *see also United States v. Torres,* 941 F.2d 124, 127–28 (2d Cir.1991) (declining to find an Eighth Amendment violation where defendants, convicted of being principals of a multimillion dollar street-level heroin operation, were sentenced to life imprisonment). Further, Richardson's trial counsel did not render constitutionally ineffective assistance of counsel because, despite Richardson's claims to the contrary, his counsel did indeed vigorously challenge the evidence surrounding Richardson's 1998 arrest. The evidence before the jury was sufficient to convict Richardson.

Accordingly, for the foregoing reasons, the judgments of conviction and sentences of the district court are AFFIRMED.

As explained in the opinion also filed today, no mandate will issue at this time.