**UNITED STATES of America, Appellee,**

v.

**Gerald WEISMAN, Appellant.**

**No. 98, Docket 30473.**

United States Court of Appeals Second Circuit.

Argued Sept. 27, 1966.

Decided Oct. 6, 1966.

Lawrence K. Feitell, New York City (Maurice Edelbaum, New York City, on the brief), for appellant.

Robert G. Morvillo, Asst. U. S. Atty., S. D. New York (Robert M. Morgenthau, U. S. Atty. for S. D. New York, New

York City, and Michael Mitchell, Asst. U. S. Atty., on the brief), for appellee.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

Appellant was convicted below on one count of knowingly receiving stolen property of the United States Government in violation of 18 U.S.C. § 641. The main question raised on appeal is whether there was sufficient evidence in the record below to uphold the conviction.

On appeal, appellant contends (1) that proof of his guilt was insufficient in law; (2) that a jury finding that he knowingly received stolen goods was contrary to the weight of evidence; (3) that the prosecutor improperly adduced proof of misconduct [false bill of sale furnished by appellant for a stolen rifle] unrelated to the crime charged; (4) that the prosecutor improperly referred to appellant's failure to take the stand; and (5) that the prosecutor insinuated that he was being accused by defense counsel of suborning perjury.

■ At the trial, the Government introduced evidence that tended to show that two United States Army soldiers agreed to steal ammunition from Fort Dix; that on the particular day in question one of them, Allan P. Goldstein, picked up the ammunition in his car from a wooded area (where the other had deposited it earlier) and transported it to appellant's gun shop; that appellant knew that he was dealing with a soldier; that in consideration for the ammunition appellant gave Goldstein a $60 check and a false receipt for a gun that Goldstein had stolen from the Army; and that the value of the ammunition was well in excess of $100. This evidence was sufficient to support the necessary inferences that the jury must have drawn in returning its verdict, namely, that the ammunition purchased by appellant was in fact stolen from the United States Government and that appellant was aware of its stolen nature.

■ The Government's witness Goldstein testified that appellant had given him a false bill of sale (receipt) for a rifle which Goldstein had stolen, to give a semblance of legitimate ownership thereof by Goldstein. Now on appeal appellant's counsel regards admission of this paper as proof of a crime "unconnected to the charges properly before the jury." The reciept, however, was given as consideration for the stolen ammunition, and was therefore connected to the crime with which Weisman was charged. Moreover, appellant's trial counsel on the trial had specifically said, "I have no objection to the receipt of this [the fictitious bill of sale] * * *." Under these circumstances, the receipt of the evidence cannot be challenged for the first time on appeal.

■ In his opening statement to the jury, appellant's counsel gave a rather detailed preview of his prospective proof including appellant's lack of knowledge that the ammunition was stolen. However, appellant did not take the stand. In summation, the prosecutor read to the jury those portions of the opening relating to this proposed but unpresented proof. Appellant construes this summation as commenting on appellant's failure to take the stand. Whatever effect the prosecutor's summation may have had on the jury mind must have been dispelled (if the assumption that the jury follows the judge's instructions still holds) by the court's charge that appellant was not required to testify and that "in no respect may the fact that the defendant has not testified enter into your deliberations, nor may you draw any adverse inference against him by reason of his failure to take the stand or call witnesses." Furthermore, no objection was taken to the prosecutor's summation.

■ The charge that the prosecutor wrongfully insinuated that he was being accused by the defense counsel of using a "fabricated story" is without merit.

Affirmed.