**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Marcia LYON and Anton Lysczyk,**
**Defendants-Appellants.**

**Nos. 16518, 16519.**

United States Court of Appeals
Seventh Circuit.

June 27, 1968.

Certiorari Denied Oct. 14, 1968.

See 89 S.Ct. 131.

---

Donald R. McCallum, Robert I. Perina, Jasper, Winner, Perina & Rouse, Madison, Wis., for appellants.

Edmund A. Nix, U. S. Atty., Thomas C. Eckerle and John E. Clarke, Asst. U. S. Attys., Madison, Wis., for appellee.

Before HASTINGS, FAIRCHILD and CUMMINGS, Circuit Judges.

HASTINGS, Circuit Judge.

Marcia Lyon and Anton Lysczyk appeal from a judgment of conviction entered June 19, 1967 on a jury verdict finding them guilty on Counts I and III of a six count indictment. Count I charged appellants with conspiracy to travel in, and to use the facilities of, interstate commerce with intent to carry on a prostitution enterprise unlawful in the State of Wisconsin, in violation of 18 U.S.C.A. § 371. Count III charged them with travel in, and/or inducing others to travel in, interstate commerce to carry on a prostitution enterprise unlawful in the State of Wisconsin, in violation of 18 U.S.C.A. §§ 2 and 1952. Other counts were dismissed before and during trial. Each appellant was fined $1,000 and sentenced to three years imprisonment on each count, the sentences to run concurrently.

The charged violations of federal law allegedly occurred between February 1 and August 15, 1965. During that pe-

riod, it was alleged, appellants operated a house of prostitution at a building owned by them in Hurley, Wisconsin.

Appellants complain of eleven trial errors as grounds for reversal.

As a first ground appellants contend the trial court erred in admitting as evidence a ledger used in the prostitution business. They argue that the search warrant authorizing seizure of the ledger was based on an insufficient affidavit of probable cause.[1]

The record shows that at trial appellants strenuously objected to admission of the ledger, on the grounds that the search warrant was not served on the proper defendant, Lyon, and that at the time of the seizure Lyon was not advised of her right to an attorney. Appellants have abandoned both of these grounds on appeal. The sufficiency of the search warrant was not questioned in pre-trial motions, at trial or in post-trial motions.

■■ A motion to suppress evidence on grounds of the insufficiency of a search warrant must be made before trial unless the opportunity for such a motion did not exist or the defendant was unaware of the grounds for the motion; motions to suppress may be entertained at trial in the discretion of the court. Rule 41(e), F.R.Crim.P., 18 U.S.C.A. The admissibility of evidence cannot be questioned in this court on grounds not presented to the trial court. United States v. Burrell, 7 Cir., 324 F.2d 115 (1963), cert. denied, 376 U.S. 937, 84 S.Ct. 791, 11 L.Ed.2d 657 (1964); United States v. Sferas, 7 Cir., 210 F.2d 69 (1954).

■ Appellants criticize the Government for its failure to introduce the challenged affidavit or the relevant testimony of the Federal Bureau of Investigation agent who obtained the warrant. This criticism is unjustified. On a motion to suppress the defendant has the burden of establishing that the evidence was unlawfully obtained. United States v. Melendez, 7 Cir., 355 F.2d 914 (1966); Anderson v. United States, 10 Cir., 344 F.2d 792, cert. denied, 382 U.S. 880, 86 S.Ct. 169, 15 L.Ed.2d 121, reh. denied, 382 U.S. 922, 86 S.Ct. 297, 15 L.Ed.2d 238 (1965); Addison v. United States, 5 Cir., 317 F.2d 808 (1963), cert. denied, 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605, reh. denied, 376 U.S. 966, 84 S.Ct. 1121, 11 L.Ed.2d 984 (1964); Chin Kay v. United States, 9 Cir., 311 F.2d 317 (1962). Appellants chose not to look behind the search warrant until this appeal. In the absence of a proper objection by appellants the Government had no reason to introduce the affidavit at trial.

■ Appellants allege error in the admission of an admittance card used in their prostitution business. They contend the Government failed to establish how the card came into its possession, how it was relevant and that it was authentic. The card is not described in the search warrant nor in the receipt given appellant Lysczyk by the agent who seized the ledger. Appellants' sole trial objection to admission of the card was that there had been no showing that appellants made the "entries" on the card.

The record reveals that a proper foundation was laid for admission of the card. Three government witnesses and appellant Lyon testified to the use of similar cards in appellants' prostitution business. Appellant Lyon testified that the card in evidence would have been issued to the next "customer" who did not already have an admittance card.

At trial, appellants did not question the manner in which the card came into the Government's possession. In the absence of such a challenge the Government had no reason to make such a showing. In any event, it appears from the

---

1. They assert that the affidavit purports to be based on "information and belief" without setting out grounds for crediting the information relied on by affiant, as required by Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960) and Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

record that similar cards were used in conjunction with the ledger and that the card in evidence was inside the front cover of the ledger when the ledger was offered in evidence. If so, the card was properly seized by authority of the warrant covering the ledger. We find no error on this contention.

Appellants contend that the closing argument of the United States Attorney stressed appellant Lysczyk's failure to take the stand and refute government evidence. This, they urge, violated 18 U.S.C.A. § 3481 and Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

Appellants complain of two remarks by the United States Attorney. The first was his comment that there was no testimony tending to refute the evidence that Lysczyk traveled from Hurley, Wisconsin to Ironwood, Michigan transporting a prostitute to a customer. The second was his comment that it was unrefuted that appellants were co-owners of the building where the prostitution business was conducted. According to appellants, these comments constituted improper references to Lysczyk's failure to testify, since the evidence characterized as unrefuted was such that only Lysczyk could have refuted it.

■ Appellants' point is not well taken. The prosecutor's comments are to be tested by whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be comment on the defendant's failure to testify. United States ex rel. D'Ambrosio v. Fay, 2 Cir., 349 F.2d 957, cert. denied, 382 U.S. 921, 86 S.Ct. 301, 15 L.Ed.2d 235 (1965); United States v. Wright, 7 Cir., 309 F.2d 735 (1962), cert. denied, 372 U.S. 929, 83 S.Ct. 873, 9 L.Ed.2d 733 (1963); Knowles v. United States, 10 Cir., 224 F.2d 168 (1955).

The challenged comments were made by the United States Attorney as part of a general review of the evidence. The commentary focused on the evidence as a whole and did not emphasize Lysczyk's failure to testify. Lysczyk was not the only witness who could have refuted the Government's testimony concerning ownership of the building and Lysczyk's interstate trip with a prostitute. The jury was instructed that "a defendant has the absolute right not to testify, and the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify."

■ Considering these factors, we hold the challenged comments had neither the manifest purpose nor the natural and necessary effect of calling the attention of the jury to Lysczyk's failure to testify. There was no error, particularly in view of appellants' failure to object at trial. See Moody v. United States, 9 Cir., 376 F.2d 525 (1967); United States v. Weisman, 2 Cir., 366 F.2d 767 (1966).

Appellants complain that the trial court's action in denying their pre-trial motion for separate trials and in admitting evidence of their extrajudicial admissions violated their Sixth Amendment right of confrontation. The admissions, placed in evidence by the testimony of an FBI agent, were made by the appellants after the terminal date of the conspiracy charged in the indictment.

■ Motions for separate trials, governed by Rule 14, F.R.Crim.P., 18 U.S.C.A., are committed to the sound discretion of the trial court. United States v. Sopher, 7 Cir., 362 F.2d 523, cert. denied, 385 U.S. 928, 87 S.Ct. 286, 17 L.Ed.2d 210 (1966); United States v. Hickey, 7 Cir., 360 F.2d 127, 146, cert. denied, 385 U.S. 928, 87 S.Ct. 284, 17 L.Ed.2d 210 (1966); United States v. Gardner, 7 Cir., 347 F.2d 405 (1965); cert. denied, 382 U.S. 1015, 86 S.Ct. 626, 15 L.Ed.2d 529 (1966). On their motion appellants made no showing of prejudice. We find no abuse of discretion in the denial of that motion.

■ Appellant Lyon's admissions did not implicate Lysczyk. Therefore his right of confrontation clearly was not violated.

■ Lysczyk's admissions implicated Lyon as his partner in the prostitution enterprise. As post-conspiracy declarations they were inadmissible against Lyon under the established rule that a co-conspirator's declarations not made pursuant to or in furtherance of the conspiracy charged in the indictment are not admissible against a defendant. See Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949); Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946). Lysczyk did not testify at trial. The introduction of his extrajudicial admissions at this joint trial violated Lyon's Sixth Amendment right of confrontation and that violation could not be corrected by an instruction. See Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Neither was the violation corrected when Lyon subsequently took the stand and substantially admitted her partnership with Lysczyk. The damning evidence was before the jury when she took the stand. Her conviction must be reversed in light of of the recent holding in Bruton v. United States, supra, which ruling was long after the trial of this case. In fact, the decision was handed down subsequent to oral argument on this appeal. In *Bruton*, the Supreme Court overruled Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278 (1957). It now clearly appears that *Bruton* has retroactive application.

■ Next, appellants contend their right to assistance of counsel was violated by the receipt into evidence of the admissions just described. The admissions were made to an FBI agent after, the indictment was returned and in the absence of appellants' retained counsel. We note, again, that no objection was made to the admission of the evidence. In the absence of a proper objection we need not consider the question unless there is plain and substantial error on the record. Rule 52(b), F.R.Crim.P., 18 U.S.C.A.

A reading of the record indicates no plain and substantial error. The FBI agent testified that he spoke to appellants at their place of business on December 14, 1965, twelve days after the indictment was returned. *He told them he was there on another matter and warned both of them that they should not speak to him about the matter for which they were indicted.* No part of appellant Lyon's conversation on that date was related in court; appellant Lysczyk's damaging statements were related. According to the agent, Lysczyk was advised that he had a right to have an attorney present during any conversation with the agent about the matter for which he was indicted and that anything he might tell the agent could be used in evidence against him. Lysczyk appeared to comprehend the warning and told the agent that he wanted to talk about his defense to the charges against him.

Another post-indictment conversation testified to by the agent was one with Lysczyk on March 31, 1966. On that occasion Lysczyk approached the agent and asked him if a prostitute had been apprehended. After the agent replied, Lysczyk made incriminating statements. No warnings were given by the agent.

On this record we hold the admissions were voluntarily made to the agent. Lysczyk spoke freely and his admissions were properly received in evidence. See United States v. Smith, 7 Cir., 379 F.2d 628, cert. denied, 389 U.S. 993, 88 S.Ct. 491, 19 L.Ed.2d 486 (1967); United States v. Gardner, supra; United States v. Accardi, 2 Cir., 342 F.2d 697, cert. denied, 382 U.S. 954, 86 S.Ct. 426, 15 L.Ed.2d 359 (1965).

■ As a sixth ground for reversal, appellants contend the trial court erred in reading Count I of the indictment to the jury and instructing them that to convict on Count I they must find that one or both of the appellants committed one of the overt acts alleged in the count. The instruction was error, appellants contend, because one of the overt acts alleged in Count I was the mailing of a letter from Hurley, Wisconsin to St. Louis, Missouri and the trial court had ordered the jury to disregard all evidence

of that act. The instruction, they say, was inconsistent with the earlier order striking the evidence and may have led the jury to believe they could consider it.

Before reading Count I to the jury, the court instructed that "testimony and exhibits * * * to which the Court has sustained an objection, or which the Court has ordered stricken from the record, do not constitute evidence, and must not be considered by the jury." This instruction, contemporaneous with the court's reading of the indictment to the jury, reinforced the court's earlier instruction to disregard the evidence. Appellants' interpretation of the instruction on Count I is unreasonable. Viewed in the context of the instructions as a whole, the challenged instruction was proper.

Appellants complain that they were denied their Sixth Amendment right of confrontation when they were not permitted to cross-examine Miss DeLay, a government witness. On direct examination Miss DeLay gave damaging testimony concerning her employment as a prostitute in appellants' establishment and concerning appellants' use of the facilities of interstate commerce. On cross-examination she refused, invoking the privilege against self-incrimination, to answer questions concerning her residence and employment at time of trial. After prolonged proceedings in chambers and in court, but outside the presence of the jury, the trial court ruled that the witness had not waived her privilege against self-incrimination and that she need not answer the questions put by defense counsel. On appellants' motion, the court ordered the witness' testimony stricken from the record and instructed the jury to disregard it. The court denied appellants' motion for mistrial.

Appellants maintain that the trial court erred in ruling the witness had not waived her privilege against self-incrimination and, alternatively, that having refused to compel the witness to answer, the court erred in denying appellants' motion for mistrial.

As the Supreme Court recently held, the right of confrontation embraces the right to ask a witness where he lives at time of trial. See Smith v. State of Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). The questions put to witness DeLay were designed to identify her with her environment so that her credibility might be tested. They were therefore essential to appellants' right of confrontation. See Smith v. Illinois, supra; Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931). The trial court was required to protect appellants' right, short of compelling witness DeLay to violate her right against self-incrimination.

As a careful reading of the record indicates, the court's ruling that the witness did not waive her privilege by testifying on direct examination rests on two grounds. The first is that none of her testimony on direct examination related to the time after she left appellants' employment. The second ground is that the witness had been induced to testify by an FBI agent's statement that she would not be prosecuted.

The first ground given by the trial court is questionable. It is clear that a *defendant* who voluntarily testifies on direct examination may not assert the privilege on cross-examination as to any matter made relevant by his testimony on direct examination. Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958); Fitzpatrick v. United States, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078 (1900); United States ex rel. Irwin v. Pate, 7 Cir., 357 F.2d 911 (1966).

We would be reluctant to hold that a non-defendant witness may testify fully on direct examination, then invoke the privilege as a shield against questions probing his credibility on cross-examination. The witness' credibility is always a relevant matter on cross-examination. We need not reach that question, however, since the trial court's ruling is properly sustainable on the second ground. The court conducted an evi-

dentiary hearing outside the presence of the jury and found that the witness DeLay believed when she agreed to testify that she had been given immunity from prosecution. We agree with the trial court's conclusion that her action in taking the witness stand was not a knowing waiver under the circumstances.

■ The next question is whether striking Miss DeLay's testimony adequately corrected any prejudice done to appellants. Generally the admission of evidence that is, or subsequently becomes, inadmissible is cured by striking the evidence and instructing the jury to disregard it. See Maestas v. United States, 10 Cir., 341 F.2d 493 (1965); United States v. DeDominicis, 2 Cir., 332 F.2d 207 (1964); Conner v. United States, 5 Cir., 322 F.2d 647 (1963), cert. denied, 377 U.S. 907, 84 S.Ct. 1167, 12 L.Ed.2d 178 (1964); Fahning v. United States, 5 Cir., 299 F.2d 579 (1962).

■ We hold the corrective measure taken by the trial court was sufficient. Miss DeLay was one of several prostitutes who testified concerning their employment by appellants, and much of her testimony was cumulative. Count IV of the indictment, which concerned Miss DeLay's interstate trip in furtherance of her employment as a prostitute, was dismissed. The jury was instructed to disregard her testimony after it was given and a similar general instruction was given as a part of the court's charge to the jury. While appellants characterize Miss DeLay's testimony as "sensational," it is hardly outstanding or sensational when viewed against the background of the other evidence adduced at trial. Finally, there is no indication that the Government acted in bad faith in putting Miss DeLay on the stand.

Appellants complain that the court erroneously received the testimony of several witnesses regarding events occurring prior or subsequent to the crime charged in the indictment. Three prostitutes testified to interstate telephone conversations with appellant Lyon and to employment by appellants as prostitutes outside the dates charged in the indictment. No objections were made. All also testified to interstate trips and telephone calls and to prostitution activity during the period charged in the indictment.

Appellant Lyon testified on cross-examination, over objection by defense counsel, that she started the prostitution business in 1959 and had issued 2,797 admittance cards by November, 1965.

■ Finally, an FBI agent testified that while he was present at appellants' place of business on September 15, 1965 he was approached by a lady who offered her services as a prostitute. This occurred, he testified, in the presence of appellant Lysczyk. Defense counsel objected.

We hold this evidence was properly admitted to show appellants' knowledge and intent, see United States v. Phillips, 7 Cir., 375 F.2d 75, cert. denied, 389 U.S. 834, 88 S.Ct. 40, 19 L.Ed.2d 95 (1967), and the existence of a continuing course of conduct, see United States v. Wolcoff, 7 Cir., 379 F.2d 521, cert. denied, 389 U.S. 929, 88 S.Ct. 289, 19 L.Ed.2d 280 (1967).

■ As a ninth ground for reversal, appellants contend they were prejudiced by certain remarks of the United States Attorney during final argument. He referred to "insult" he had taken from a witness, obviously referring to appellant Lyon's testimony that he had visited her house of prostitution. He also characterized the evidence as "cluttered with disgusting and shocking, maybe dirty, disrespectful, dishonest testimony and ideas * * *." These remarks were not, in our view, improper or prejudicial.

■ Appellants contend they were denied a fair trial because the Government refused to grant immunity to two defense witnesses who refused to testify on ground of self-incrimination. We concur in appellants' observation that "this is a rather unusual proposition of law" and agree that "no authorities can be found directly in point." We find no

support for appellants' position in Washington v. State of Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).

The final ground urged for reversal is that the Government did not make a prima facie case, failing to prove the *existence* of the Wisconsin statutes allegedly violated by appellants or to request that the trial court take judicial notice of the statutes. Three relevant Wisconsin statutes were cited in the indictment. The trial court instructed the jury on the elements of the offenses proscribed by those statutes and instructed that to convict appellants the jury must find they carried on the business enterprise alleged and that such business enterprise violated one of the relevant statutes. The evidence was sufficient to prove that one or both of the appellants violated each of the statutes.

Appellants' contention is without merit. The trial court properly took judicial notice of the existence of the Wisconsin statutes. See United States v. McCormick, 7 Cir., 309 F.2d 367 (1962), cert. denied, 372 U.S. 911, 83 S.Ct. 724, 9 L.Ed.2d 719 (1963).

As above indicated, the judgment of conviction of an appellant Lyon must be reversed following the recent holding in Bruton v. United States, supra, and as to her the cause is remanded for a new trial. In view of our remandment for a new trial as to appellant Lyon, we have considered and passed upon her other claims of prejudicial error.

On consideration of the entire record, we conclude that the judgment of conviction of appellant Lysczyk should be affirmed.

Affirmed in part.

Reversed in part and remanded.

CUMMINGS, Circuit Judge (concurring in part and dissenting in part).

Insofar as the judgment of conviction of appellant Lyon is reversed and remanded, I concur. However, I believe that the judgment of conviction of appellant Lysczyk should also be reversed and remanded.

Lysczyk's principal argument in this Court is that the affidavit supporting the search warrant authorizing seizure of the ledger was chiefly based on information and belief and therefore the search under the resulting warrant violated his Fourth Amendment rights.[1] This argument was not made before the able trial judge so that he had no opportunity to take corrective action. Nevertheless, the use of the ledger at trial and in the jury's deliberations affected Lysczyk's substantial rights, requiring us to notice the deficiency of the affidavit under the plain error rule embodied in Rule 52(b) of the Federal Rules of Criminal Procedure. Where the error is clear and affects the substantial rights of a defendant, it is cognizable on appeal although not raised below. Sykes v. United States, 373 F.2d 607, 612 (5th Cir. 1966), certiorari denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138. If this affidavit was defective, the admission of the ledger picked up under the search warrant based on the affidavit was plain error within Rule 52(b). See United States v. Nikrasch, 367 F.2d 740, 743–744 (7th Cir. 1966); Smith v. United States, 118 U.S.App.D.C. 235, 335 F.2d 270, 274, note 13 (1964); United States v. Asendio, 171 F.2d 122, 124–125 (3rd Cir. 1948). This same question is likely to return to haunt us in the form of a *habeas corpus* proceeding or post-conviction motion, further justifying review on this appeal. See Alexander v. United States, 390 F.2d 101, 103, note 3 (5th Cir. 1968).

The November 17, 1965, affidavit of the FBI agent upon which the search warrant issued provided as follows:

"That he is a Special Agent of the Federal Bureau of Investigation, and that in that capacity he has personally investigated complaints of the violation of the laws of the United States of America at Hurley, in the Western

---

1. The affidavit is part of the record on appeal, so that there is no need to go outside the record to consider this argument.

**514**

District of Wisconsin, and that of his own personal knowledge MARCIA LYON is the operator of Kay's Rooms and Hotel Bar, located at 7–9 Silver Street, Hurley, Wisconsin; and that as such operator and *on information and belief* she has maintained a ledger book containing numbers which have been assigned to acceptable patrons of her illegal operation of a house of prostitution within said premises; and that said ledger book contains the name of the city of address of such patron, followed by a numerical number which indicates the price paid for the services of a prostitute.

"That this affidavit is made for the purpose of securing a search warrant to seize the above-mentioned ledger book.

"That the grounds for the search and seizure are to preserve as evidence the above-mentioned records, which are evidence of the operation of an illegal house of prostitution, which constitutes the basis of a conspiracy to violate Section 1952 of Title 18 of the United States Code.

"Affiant further states that *on information and belief* your affiant says that the said Marcia Lyon has engaged in a conspiracy to violate Section 1952 of Title 18 of the United States Code by soliciting females from out of the state of Wisconsin, to wit, from St. Louis, Missouri, and Terre Haute, Indiana, to come to Wisconsin to engage in prostitution at her said place of business, and as a result of such solicitation females from both St. Louis, Missouri and Terre Haute, Indiana, did travel into the Western District of Wisconsin for the purpose of and did engage in prostitution at said place of business in violation of

Section 1952 of Title 18 of the United States Code.

"Affiant further states *on information and belief* that a significant portion of the numbers so assigned in said ledger book refer to patrons who reside outside of the State of Wisconsin." (Emphasis supplied.)

With the exception of the agent's personal knowledge that defendant Lyon was the operator of Kay's Rooms and Hotel Bar in Hurley, Wisconsin, the affidavit rests entirely on information and belief. No basis for the agent's information and belief is conveyed in the affidavit, and under Rule 41(c) of the Federal Rules of Criminal Procedure, the warrant can "issue only on affidavit." It is true that such an affidavit may be based on hearsay information, but the magistrate must be informed of some of the underlying circumstances supporting the informant's and affiant's requisite conclusions. He was not so advised by this affidavit. For failure to provide a sufficient basis for a finding of probable cause, this affidavit did not comply with the principles of the Fourth Amendment.[2] Aguilar v. State of Texas, 378 U.S. 108, 112–116, 84 S.Ct. 1509, 12 L.Ed.2d 723; Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503; United States v. Roth, 391 F.2d 507 (7th Cir. 1967). As we held in *Roth*, "sufficient specificity of an affidavit for a search warrant 'is essential if the magistrate is to perform his detached function and not serve merely as a *rubber stamp for the police*'" (at p. 511). Since the Government has not shown that this federal constitutional error was harmless, Lysczyk should receive a new trial without the ledger. Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705.

2. Other points raised by Lysczyk are not considered in this dissenting opinion inasmuch as the Fourth Amendment point requires reversal.