Argued January 26, affirmed March 5, 1970

STATE OF OREGON, *Respondent, v.*
CHARLES HENRY CONWAY,
*Appellant.*
465 P2d 722

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Frank J. Coumont,* District Attorney, Astoria, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

Defendant was indicted, tried before a jury, and convicted for the crime of larceny in a building. Defendant and a companion, one Schrader, had entered a drugstore together and had engaged the owner and his wife in conversation. While the owner and his wife were distracted, $400 in currency and a quantity of narcotics were stolen from a safe near the rear entrance to the store. Immediately after defendant and Schrader left the store the owner discovered the theft and notified the police. Soon thereafter, defendant, Schrader, and a third person were stopped in an automobile. Money in excess of $500 was found on the three persons, and the stolen narcotics were found in the automobile. The legality of the arrest and search is not challenged.

The only assignment of error is based upon the following portion of the district attorney's closing argument to the jury:

"* * * The only testimony put on by the defendant was by a girl who said that this fellow had $250.00 in Tacoma before. They had the opportunity to offer witnesses here as to his movements and his—where he had been. They didn't do it.

"There is no guesswork. Plenty of opportunity to go out there and inspect that place prior to going into it just by walking around it, by walking through it. That is the part you are asked to guess on; not the evidence. You are asked to guess on what he would like to have you believe. I don't want you to guess on anything like that. I want

you to consider only the evidence and leave the guesswork to the defendant because he is the one that needs the benefit of it."

No objection was made at the time of these remarks. After the district attorney had concluded his argument the defendant moved for a mistrial on the ground that the remarks were a comment on his failure to testify, in violation of his privilege against self-incrimination. *Griffin v. California,* 380 US 609, 85 S Ct 1229, 14 L Ed 2d 106, reh. den. 381 US 957, 85 S Ct 1797, 14 L Ed 2d 730 (1965). Defendant assigns as error the denial of this motion.

"Whether or not the rule of Griffin v. California has been violated depends upon 'whether the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify.' United States v. Lyon, 397 F.2d 505 (C.A. 7, 1968). If the line between the permissible and the impermissible in this area is not always clear, nevertheless *where the intent and the effect of the statement is ambiguous, limiting instructions may suffice to cure any harm.* United States v. Nasta, 398 F.2d 283 (C.A. 2, 1968).

"Here, the language of the prosecutor was designed to call attention to the fact that the defense had failed to rebut the government's proof * * *. It is not improper to comment on the failure to rebut prosecution evidence where the defendant is not the only person capable of providing such testimony. United States v. Lyon, *supra*; Garcia v. United States, 315 F.2d 133 (C.A. 5, 1963), cert. den. 375 U.S. 855, 84 S.Ct. 117, 11 L. Ed.2d 82 (1963). Although the defendants in this case could have testified * * * witnesses other than the defendants also could have so testified: * * *. It was not to call attention to the defendants' failure to testify, then, but to their failure to offer proof that this comment was directed. See

Knowles v. United States, 224 F.2d 168 (C.A. 10, 1955)." *United States v. Gatto,* 299 F Supp 697 (DC, ED Penn 1969). (First emphasis supplied.)

Looking at the district attorney's statement in a light most favorable to defendant's contention on appeal we can only conclude that the statement was ambiguous. Assuming ambiguity in the district attorney's intent and in the effect of the statement, the trial judge's limiting instruction① was sufficient to cure any harm.

Affirmed.

---

① The court gave the following instruction:

"Now, every person accused or charged with the commission of a crime shall at his own request be deemed a competent witness in his own behalf, but his waiver of this right to testify in his own behalf does not create any unfavorable inference or presumptions against him and you have no right to consider his failure to testify in his behalf as any evidence against him."