UNITED STATES of America, Appellee,

v.

William HAWK WING, Appellant.

No. 71–1222.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 14, 1972.

Decided April 17, 1972.

David O. Rude, Rapid City, S. D., for appellant.

David R. Gienapp, Asst. U. S. Atty., William F. Clayton, U. S. Atty., Sioux Falls, S. D., for appellee.

Before BRIGHT and ROSS, Circuit Judges, and WANGELIN, District Judge.

WANGELIN, District Judge.

William Hawk Wing, an Indian, appeals from a judgment of conviction of the crime of assault with intent to commit rape upon Geneva Madelene Red Feather, an Indian, in violation of 18 U.S.C. § 1153 and S.D.C.L. § 22–18–14.

James Hobart Janis and Bertha Margaret Spotted Elk were also charged with the same crime arising out of the

same set of circumstances. Bertha Spotted Elk pleaded guilty and received a sentence of five years. James Janis and William Hawk Wing pleaded not guilty, were tried jointly and convicted. Janis received a one year sentence and Hawk Wing received a sentence of three years.

On appeal, Hawk Wing asserts that the trial court erred in 1) failing to grant his motion for severance; 2) admitting into evidence testimony of an F.B.I. agent as to a conversation with defendant James Janis; 3) not granting his motion for judgment of acquittal; and 4) denying his motion for mistrial based upon statements during closing argument by one of the prosecuting attorneys. We affirm the judgment of conviction.

The transcript of the trial fairly and substantially supports the following facts presumably found by the jury. On June 19, 1969, Geneva Red Feather, who was then 15 years of age, went from Pine Ridge, South Dakota, to White Clay, Nebraska, a distance of about 2 miles. While in White Clay, Nebraska, she was beckoned to a car containing Bertha Spotted Elk, James Janis and William Hawk Wing. She got into the car with the three individuals and returned to Pine Ridge, South Dakota, to a trailer house in which James Janis was living. Janis, Hawk Wing and Spotted Elk had been drinking and continued to drink at the trailer house. Spotted Elk told Geneva Red Feather to go to bed with her brother, Hawk Wing. Geneva Red Feather refused. Spotted Elk pushed her down and took her pants off while James Janis and Hawk Wing held her hands. Hawk Wing tore her brassiere off and touched her in a private place (genital). During this period of time Geneva Red Feather was struck with a bottle, and was fighting and screaming.

Alice Janis who lived in a house adjacent to the trailer heard screams and cries for help. She notified the police. Police Officers Leroy Janis and Delbert Pourier went to the trailer house with Alice Janis. At the scene, Alice Janis observed a little girl naked from the waist down, lying on a bed with one man on top of her and two individuals holding her down. Alice Janis identified Hawk Wing as the man on top of the girl, and Spotted Elk and James Janis as the individuals holding her down.

The police officers heard screams from the trailer when they arrived. They observed Geneva Red Feather, naked from the waist down, lying on a bed and Hawk Wing, Spotted Elk and James Janis on and around the bed. Officer Janis testified that Geneva Fed Feather was bloody around the mouth and was crying. He also stated that she made a statement to the effect that "Bertha is trying to make me lay with Billy." Other testimony will be discussed as it pertains to each of Appellant's assertions of error.

Appellant claims error in the trial court's refusal to sever his trial from that of Janis and error in the admission into evidence of F.B.I. Agent McCarty's testimony concerning statements made by James Janis. Appellant relies on the Supreme Court decision in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) which requires a separate trial where out-of-court statements of a codefendant implicating the defendant will be deliberately spread before the jury in the event of a joint trial.

In the present case, unlike *Bruton*, the Appellant's codefendant took the stand, and in doing so, afforded Appellant the opportunity to confront the witness against him and to cross-examine.

The record discloses that during the joint trial of Appellant and James Janis, Janis testified in his own defense. During cross-examination by the government, Janis testified that he remembered talking with F.B.I. Agent McCarty on July 30, 1969, but did not remember telling Agent McCarty that he

saw Billy Hawk Wing slap Geneva Red Feather. Janis's testimony was favorable to Hawk Wing. Counsel for Hawk Wing cross-examined Janis, but did not question Janis about any statements he made to McCarty. In rebuttal, F.B.I. Agent McCarty testified that on July 30, 1969, James Janis stated that he saw Billy (Hawk Wing) slap Geneva Red Feather. Counsel for Appellant Hawk Wing objected to the admission of McCarty's testimony. He then cross-examined McCarty. The trial judge gave a cautionary instruction to the jury concerning the impeachment character of the testimony.

■ The present case is governed by the Supreme Court's decision in Nelson v. O'Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971) holding that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments.

The *Bruton* case is inapplicable to the facts of this case, and Appellant has failed to demonstrate error in the trial court's refusal to order separate trials. United States v. Fountain, 449 F.2d 629 (8th Cir. 1971). Likewise, Appellant's contention that Agent McCarty's testimony was inadmissible is without merit.

Appellant Hawk Wing claims that the trial court erred in not granting his motion for judgment of acquittal on the basis that the testimony of the prosecutrix was fairly impeached and no corroborating testimony was introduced.

The record discloses no discrepancies in the testimony of the prosecutrix with respect to the specific elements of the offense charged or the identity of the three persons involved. In addition, the material testimony of the prosecutrix was substantially corroborated by testimony of Mrs. Alice Janis, Police Officer Pourier and Police Officer Janis. Appellant's contention is without merit.

■ Appellant Hawk Wing claims error as to comments by the prosecutor during closing argument. The prosecutor said "and Billy Hawk Wing, there is no evidence to show that he did not assault Geneva Red Feather in any way." Appellant contends the prosecutor's statement was an improper comment on the defendant's failure to take the stand. Read in context, the prosecutor's statement does not refer to the fact that Appellant did not testify in his behalf, but is a statement that the prosecution's evidence was uncontradicted.

Since Appellant was not the only person who could have contradicted the prosecution's evidence, the statement does not necessarily refer to his failure to do so. While we disapprove of the comment, it was not of such a character that the jury would naturally and necessarily take it to be comment on the Appellant's failure to testify. United States v. Lyon, 397 F.2d 505 (7th Cir. 1968). We note that the trial judge instructed the jury that defendant is not required to testify and no presumption or inference of guilt may arise from the defendant's failure to testify.

■ Likewise, we find Appellant's claim of error with respect to the prosecutor's comment concerning the demeanor of the prosecutrix while testifying to be without merit in view of the overall record. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

Affirmed.