**UNITED STATES of America,
Plaintiff,**

v.

**Patricia Campbell HEARST, Defendant.**

**Cr. No. 74–364–OJC.**

United States District Court,
N. D. California.

Feb. 23, 1976.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, David P. Bancroft, Edward P. Davis, Jr., Asst. U. S. Attys., San Francisco, Cal., for the United States.

F. Lee Bailey, J. Albert Johnson, Boston, Mass., Thomas J. May, Brookline, Mass., for defense.

## MEMORANDUM AND ORDER

OLIVER J. CARTER, Chief Judge.

A hearing was held on this matter outside the presence of the jury. The defendant moved to limit the scope of the Government's cross-examination of her following her election to testify in her own behalf at trial. The ground alleged for so moving was the defendant's privilege against self-incrimination guaranteed under the Fifth Amendment.

Essentially the defendant's argument is this: Although she has elected to take the witness stand in her own behalf and thereby to subject herself to cross-examination by the Government, she nonetheless has not waived her right under the Fifth Amendment to refuse to answer questions put to her by the prosecutor which may incidentally tend to implicate her in other crimes for which she is not now on trial. Since this privilege has not been waived, the defendant claims, the Government, knowing it will be exercised as to a number of items sought to be offered into evidence against the defendant, should not be permitted to cross-examine her as to this evidentiary material and further prejudice her case by compelling her to take the Fifth Amendment in the presence of the jury.

The Court rejects this argument for the simple reason that the premise upon which it is based is faulty. The controlling case on the question of a defendant's residual rights under the Fifth Amendment once he or she elects to take the witness stand is *Brown v. United States*, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). In that case the Supreme Court held that when a witness takes the stand in his own behalf, "his credibility may be impeached and his testimony assailed like that of any other witness, and the breadth of his waiver is determined by the scope of relevant cross-examination." *Id.* at 154, 78 S.Ct. at 626, 2 L.Ed.2d at 596. In spelling out the rationale for its decision, the Court said:

The witness himself, certainly if he is a party, determines the area of disclo-

sure and therefore of inquiry. Such a witness has the choice, after weighing the advantage of the privilege against self-incrimination against the advantage of putting forward his version of the facts and his reliability as a witness, not to testify at all. He cannot reasonably claim that the Fifth Amendment gives him not only this choice but, if he elects to testify, an immunity from cross-examination on the matters he has himself put in dispute. (*Id.* at 156, 78 S.Ct. at 627, 2 L.Ed.2d at 597).

■ It is clear from a reading of *Brown* and other cases that a defendant who chooses to testify at his own trial cannot shield himself from the legitimate efforts of the prosecutor to test the truthfulness of his testimony in cross-examination by invoking the Fifth Amendment, even where the matters delved into on cross-examination may implicate the defendant in *other* criminal offenses. *See, e. g., Johnson v. United States,* 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943); *United States v. Lyon,* 397 F.2d 505 (7th Cir. 1966); *United States v. Pate,* 357 F.2d 911 (7th Cir. 1966); *DeRose v. United States,* 315 F.2d 482 (9th Cir.), *cert. denied,* 375 U.S. 846, 84 S.Ct. 99, 11 L.Ed.2d 73 (1963); *Redfield v. United States,* 315 F.2d 76 (9th Cir. 1963); *Carpenter v. United States,* 264 F.2d 565 (4th Cir. 1959).

■ The proper focus for analysis, then, is not upon the defendant's privilege against self-incrimination, but upon the scope of relevant inquiry on cross-examination as defined by the matters raised by defense counsel on direct examination.

■ There can be no dispute that the defendant has through her answers to questions on direct examination placed in issue her conduct from the moment of her kidnapping on February 4, 1974, until her arrest on September 18, 1975. She has recounted on the witness stand her experiences during this period for the expressed purpose of explaining her conduct in the Hibernia Bank on April 15, 1974, and thereby refuting the Government's contention that she acted with the requisite criminal intent to rob the bank. The Government now desires to cross-examine the defendant on certain documents, writings, tape recordings and the like, which it will offer into evidence as tending to show that during a substantial portion of the period February 4, 1974, through September 18, 1975, the defendant was not, as she claims to have been, a slave to the will of her captors, the SLA and particularly William and Emily Harris.

Because the defendant, in electing to take the stand and testify to a course of conduct extending well beyond the time of the bank robbery, has put in dispute her activities during this period, she cannot claim that certain segments of that period of time are entirely beyond the scope of relevant cross-examination merely to avoid the possibility of self-incrimination as to criminal charges that are, admittedly, not the subject of this trial. The Court will therefore rule upon each exhibit here in dispute and marked for identification as to its relevance and, therefore, admissibility as a proper subject of inquiry on cross-examination. In making these evidentiary rulings, the Court will also consider, as it must, whether the probative value of a given item of evidence is so outweighed by its prejudicial effect as to make it inadmissible and therefore not the subject of cross-examination. *See* Rule 403 of the Federal Rules of Evidence.

If the Court is satisfied, however, that a given item is within the scope of relevant cross-examination and is not otherwise inadmissible, it will be admitted into evidence, and the defendant will be ordered to answer properly phrased questions with reference to that item.

Accordingly, IT IS ORDERED that the defendant's motion to limit the scope of cross-examination so as to avoid the invocation of her Fifth Amendment privilege be, and the same is hereby, denied.