918 F.2d 180
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Melvin A. JONES, Defendant-Appellant.
 No. 90-1988.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 9, 1990.*
Decided Oct. 17, 1990.
 ORDER
 
 1
 Defendant-Appellant Melvin A. Jones was convicted by a jury of transporting stolen goods in interstate commerce and aiding and abetting in violation of 18 U.S.C. Secs. 2312 and 2. Jones was convicted of stealing and selling to a scrap dealer a portion of a load of sheet metal he was to have delivered from McCook, Illinois to Grand Rapids, Michigan. On appeal, Jones raises only one issue: that the prosecutor violated Jones' fifth amendment right not to testify when he commented during his closing argument that certain evidence was undisputed.
 
 
 2
 The prosecution presented nine witnesses during its case in chief. Jones did not provide any witnesses and did not testify during the two-day trial. During his closing argument, the prosecutor commented that certain evidence was undisputed while summarizing the evidence presented to the jury. However, at no point did the prosecutor make a direct comment on the failure of Jones to testify during the trial.
 
 
 3
 The fifth amendment prohibits a prosecutor from making either a direct or indirect comment on a defendant's failure to testify, Griffin v. California, 380 U.S. 609 (1965). However, not every direct comment by a prosecutor on the failure of a defendant to testify violates the Griffin standard. United States v. Robinson, 485 U.S. 25, 37 (1988). Prosecutorial comments on the failure of a defendant to testify must be examined in context in order to determine whether they meet the Griffin standard. Id. at 38.
 
 
 4
 Here it is clear that the prosecutor's statements focused on the evidence as a whole and did not emphasize Jones' failure to testify. The prosecutor's statements that certain evidence was undisputed were part of a general review of the evidence during his closing argument and not a specific comment on the failure of Jones to testify. United States v. Hernandez, 865 F.2d 925, 929 (7th Cir.1989). (Prosecutor's comment in closing argument made not in context of discussing defendant's failure to testify but explanation of inferential connections of defendant to evidence.)
 
 
 5
 Even if the prosecutor's closing argument could be construed as a comment on the failure of the defendant to testify, such comment is impermissible only if it is highly unlikely that any person other than the defendant could rebut the evidence. United States v. DiCaro, 852 F.2d 259, 263 (7th Cir.1988); United States ex. rel. Burke v. Greer, 756 F.2d 1295, 1301 (7th Cir.1985). In DiCaro the prosecution commented during closing argument that the defense had failed to provide any alibi witnesses. This court affirmed the district court conviction in that case reasoning that commenting on the lack of alibi witnesses did not naturally and necessarily remind the jury that only the defendant could have contradicted the Government's witnesses. Id. at 263. Similarly, the prosecutor's use of the word "undisputed" while summarizing the testimony of his witnesses did not naturally and necessarily lead the jury to believe that only Jones could contradict that testimony.
 
 
 6
 In addition, the jury was instructed that, "a defendant has the absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict." This instruction is a factor mitigating against finding that the prosecutors' comments impermissibly burdened Jones' privilege against self-incrimination. United States v. Lyon, 397 F.2d 505, 509 (7th Cir.), cert. denied, 393 U.S. 846 (1968)). The district court's use of such an instruction served that purpose in this case.
 
 
 7
 Therefore, the prosecutor's comments in closing argument did not impermissibly burden defendant's privilege against self-incrimination when considered in context.
 
 
 8
 In accordance with the discussion above, the conviction is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs