32 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Pedro TAPIA-HERNANDEZ, Defendant/Appellant.
 No. 93-3521.
 United States Court of Appeals, Seventh Circuit.
 Argued April 27, 1994.
Decided June 13, 1994.
 
 Before ESCHBACH, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pedro Tapia-Hernandez ("Tapia") was convicted by a jury of conspiracy to possess with the intent to distribute one kilogram of heroin and distribution of heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Tapia appeals his conviction, alleging that the prosecutor's comment during closing rebuttal argument on Tapia's failure to raise an entrapment defense violated his Fifth Amendment right to refrain from testifying at trial.
 
 I. Background
 
 2
 The negotiations for the charged one-kilogram heroin transaction began in 1992 between Tapia's co-defendant, Jose Juan Rodriguez-Andrade ("Rodriguez"), and a government informant, Tony Varela. Varela had been a drug dealer for approximately five years and had become an informant for the government pursuant to a plea agreement. Varela and Rodriguez had been acquaintances in Mexico and were perhaps distant cousins. The discussion for the one-kilogram heroin sale was initiated by Varela. Although Varela had spoken to Tapia on the telephone during the several weeks of negotiation, he did not meet Tapia until the day of the charged transaction, which took place at a garage behind Tapia's residence. Tapia and Rodriguez were arrested and tried together after Tapia had delivered one kilogram of heroin to Varela.
 
 
 3
 During closing argument, Tapia's counsel suggested that it would be unfair and unjust to find Tapia guilty; he attacked the motive and the credibility of the government informant, Varela, and contrasted Varela's extensive drug-dealing history with Tapia's otherwise clean criminal record. Counsel conceded that Tapia made the one-kilogram delivery, but argued that Tapia was used by those who really had the drugs and were making the money. Counsel did not make an entrapment argument.
 
 
 4
 Although Tapia's co-defendant, Rodriguez, also attacked Varela, unlike Tapia he presented an entrapment defense at trial. His defense portrayed Varela as persistently preying on Rodriguez's need for money and trust in Varela despite Rodriguez's alleged lack of initial interest in making the drug deal. In the closing argument, Rodriguez's counsel outlined to the jury the elements of entrapment and maintained that Rodriguez was entrapped. Although counsel conceded that the several tape-recorded conversations between Varela and Rodriguez may have suggested that Rodriguez was a willing participant, he argued that earlier conversations, if recorded, would have indicated Rodriguez was enticed into committing the crime. Counsel also challenged the alleged inconsistencies in Varela's testimony concerning when the negotiation for the deal began.
 
 
 5
 In its rebuttal argument, the government addressed each defendant's closing argument in turn. When addressing Rodriguez's closing argument, particularly his entrapment defense, the prosecutor stated:
 
 
 6
 "almost any defendant can argue entrapment. All he has to do is keep pushing the time frame back, further and further back. Pedro Tapia would have argued it had he had any firsthand contact with Tony Varela. He didn't. So instead he asks you--"
 
 
 7
 At this point, Tapia's counsel objected. The trial court sustained the objection and admonished the jury to "totally disregard that comment." The court explained: "to talk about what the defense could and would have done is improper." After the prosecutor concluded her argument, the court instructed the jury that each defendant had the right not to testify and the fact that the defendants did not testify should not be considered in arriving at a verdict.
 
 II. Analysis
 
 8
 Tapia argues that the prosecutor's single comment concerning his failure to invoke an entrapment defense impermissibly infringed his Fifth Amendment right against self-incrimination. He claims that the comment indirectly focused the jury's attention on the fact that he offered no testimony in his defense and on his decision not to testify. It is well-established that "indirect references to a defendant's silence at trial violate the Fifth Amendment only if the 'language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify.' " United States v. Tipton, 964 F.2d 650, 656 (7th Cir.1992); United States v. Perez, 870 F.2d 1222, 1229 (7th Cir.1992); United States v. Lyon, 397 F.2d 505, 509 (7th Cir.1968). Moreover, if a prosecutor's comment is "a fair response" to statements made by defense counsel, there is no Fifth Amendment violation. United States v. McKenzie, 922 F.2d 1323, 1327 (7th Cir.), cert. denied, 112 S.Ct. 163 (1991); United States v. Robinson, 485 U.S. 25 (1988).
 
 
 9
 The challenged comment was made when the prosecutor had just finished addressing Tapia's closing argument and had moved on to address Rodriguez's closing argument, especially his entrapment defense. Given that context, a fair inference is that the prosecutor was merely editorializing on the weaknesses in Rodriguez's entrapment argument. See McKenzie, 922 F.2d at 1327. Tapia suggests that despite the district court's instruction to give separate consideration to each defendant in analyzing the evidence, the jury may not have been able to separate the evidence presented against Tapia from that against his co-defendant. However, the fact that Tapia was convicted of both counts of the indictment whereas his co-defendant was convicted of only one count clearly shows that the jury was able to discriminate between Tapia and his co-defendant. Thus, although the prosecutor mentioned Tapia by name in discrediting Rodriguez's entrapment argument, the jury's attention was focused on Rodriguez and not Tapia or Tapia's failure to take the stand. Consequently, the prosecutor's rebuttal comment was not manifestly intended to be or was of such a character that the jury would "naturally and necessarily" take it to be a comment on Tapia's failure to testify. See Tipton 964 F.2d at 656. Cf. Lindgren v. Lane, 925 F.2d 198, 202 (7th Cir.1991) (prosecutor's comment that the evidence was undisputed, made in the context of discrediting a defense witness's testimony, was proper because it was not made as a reference to defendant's failure to take the stand).
 
 
 10
 Tapia argues that the prosecutor's comment was improper because the jury had been made aware of the elements of an entrapment defense by the government's closing and rebuttal arguments, and consequently, the "jurors would undoubtedly conclude that this defendant [Rodriguez] was the only individual who could offer evidence of entrapment in his own defense." Tapia fails to show, however, how the prosecutor's comment invited the jury to consider Tapia's failure to testify in weighing the evidence. See Tipton, 964 F.2d at 656; United States v. Dominguez, 835 F.2d 694, 700 (7th Cir.1987). In fact, Tapia's co-defendant, Rodriguez, approached his entrapment defense solely through attacking the credibility of Varela and without testifying at trial. Tapia's case is unlike cases where the prosecutorial comments indirectly invite the jurors to look to the defendant to contradict. See, e.g., United States v. Ashford, 924 F.2d 1416, 1425 (7th Cir.) (prosecutor's comments on defendant's failure to present a particular defense improper where the comments drew attention to the defense's failure to rebut the damaging inferences drawn from certain physical evidence and where such evidence is the kind that jurors would naturally have looked to defendant to contradict), cert. denied, 112 S.Ct. 98 (1991); United States v. DiCaro, 852 F.2d 259, 262 (7th Cir.1988) ("a prosecutor's assertion that the evidence is uncontradicted is impermissible only if it is unlikely that anyone other than the defendant could rebut the evidence."). Accordingly, the conviction of Tapia-Hernandez is AFFIRMED.