An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KAMARIO MANTRELL SMITH A/K/A
KAMARIO SMITH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60205

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _R. Malone_
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, robbery with the use of a deadly weapon, and possession of a firearm by a felon. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge. Appellant Kamario Mantrell Smith raises several claims on appeal.

First, Smith contends that insufficient evidence supports his convictions because the victim's testimony was incredible due to false statements she made to the police, inconsistencies in her description of the firearm and other statements to the police, and the fact that a gun was never located. The evidence shows that the victim drove to a market in Las Vegas and spoke to Smith about purchasing Roxicet (prescription pain pills). Smith gave the victim a slip of paper with a telephone number on it. When the victim called the number, a man told her to drive to a liquor store. When she arrived, an unknown man directed her where to park— behind the liquor store in a dark alley. The man got in the passenger side of the victim's car and asked her how many pills she wanted to purchase.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17416

About that time, Smith approached the driver's side window and put a gun to the victim's neck, demanded money, and threatened to shoot her. Meanwhile, the other man rifled through the glove compartment and console of the victim's car. The victim handed over $400 to Smith. When the victim's cell phone rang, Smith demanded her phone and car keys. While attempting to open the car's trunk, Smith accidentally activated the alarm. Smith and the other man fled. The victim left the area and drove to a nearby gas station to call the police. During the investigation, the police retrieved the victim's cell phone from Smith's residence and discovered his fingerprints on the victim's car. Viewing the evidence in the light most favorable to the State, we conclude it is sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); *see also* NRS 193.165; NRS 199.480; NRS 200.380; NRS 202.360. As to the false statements and inconsistencies in the victim's statements to the police, those matters were explored during her testimony and therefore were before the jury for its consideration. *See Washington v. State*, 112 Nev. 1067, 1073, 922 P.2d 547, 551 (1996) (providing that "where there is conflicting testimony presented at trial, it is within the province of the jury to determine the weight and credibility of the testimony"); *McNair*, 108 Nev. at 56, 825 P.2d at 573 ("[I]t is the jury's function, not that of the court, to assess the weight of the evidence and determine the credibility of witnesses.").

Further, the jury was also aware that no gun was recovered during the investigation.[1]

Second, Smith argues that the district court abused its discretion by allowing a police officer to improperly bolster the victim's credibility. In her initial statements to the police, the victim related that at the time of the robbery, she was on her way to meet a friend and pulled into the liquor store because someone was following her. When police officers confronted her with evidence that refuted her initial statements, the victim told the police that she was in the area to buy prescription pain pills. A detective testified at trial about that confrontation, stating that the victim gave the police "the correct [version]—well, a different version, let's put it that way." When asked by the prosecutor whether the victim was "able to basically, come clean about the circumstances of the background of coming in contact with the defendant," the detective responded affirmatively. Smith argues that that exchange constituted improper bolstering. Because he did not object to the detective's

---

[1]Smith argues that the district court abused its discretion by allowing the victim to testify because her testimony was incredible and therefore more prejudicial than probative and no weapon was found. Because he did not object to this testimony, his claim is reviewed for plain error affecting his substantial rights. *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). Credibility matters associated with the victim's testimony and the prosecution's inability to produce the weapon allegedly used in the robbery go to the weight of the evidence not admissibility. *McNair*, 108 Nev. at 56, 825 P.2d at 573. We conclude that Smith has failed to demonstrate plain error.

testimony, we review for plain error affecting his substantial rights. *Mclellan*, 124 Nev. at 267, 182 P.3d at 109. We conclude that Smith has failed to demonstrate plain error affecting his substantial rights. The challenged testimony does not concern crucial evidence about the robbery but rather a lesser matter—why the victim was in the area of the crime. Moreover, the detective's testimony shows that the victim lied to the police, which tended to diminish her credibility rather than bolster it. And the victim admitted during her testimony that she lied to the police.

Third, Smith argues that the district court abused its discretion by allowing the prosecution to introduce inadmissible hearsay. During her testimony, the victim related that immediately before the robbery, she called a friend who advised her that she should not meet with people she did not know to buy pills. Considering the context in which the statement was made, we conclude that it was unsolicited by the State and not offered to prove the truth of the matter asserted and therefore did not constitute hearsay. *See* NRS 51.035.

Fourth, Smith argues that the prosecutor committed misconduct during closing rebuttal argument by commenting on his right not to testify. Specifically, Smith points to the following comments: "[Smith] can't explain away why he has his cell phone—her cell phone because it doesn't make sense that he would have it in some sort of trade." Because Smith did not object to the challenged argument, we review for plain error affecting his substantial rights. *Mclellan*, 124 Nev. at 267, 182 P.3d at 109.

Prosecutorial comment on a defendant's failure to testify is constitutionally impermissible. *Sonner v. State*, 112 Nev. 1328, 1342, 930

P.2d 707, 716 (1996); *McGuire v. State*, 100 Nev. 153, 157, 677 P.2d 1060, 1063 (1984). An indirect reference is impermissible where "'the language used was manifestly intended to be or was of such a character that the jury would naturally and necessarily take it to be comment on the defendant's failure to testify.'" *Harkness v. State*, 107 Nev. 800, 803, 820 P.2d 759, 761 (1991) (quoting *United States v. Lyon*, 397 F.2d 505, 509 (7th Cir. 1968)). Considering it in context, the prosecutor's comment was made in response to Smith's argument that because it was unknown how the cell phone came to be in Smith's home, the State failed to meet its burden of proof. Under the circumstances, we do not consider the challenged comment improper. *See Bridges v. State*, 116 Nev. 752, 764, 6 P.3d 1000, 1009 (2000) (observing that "where 'the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel,' there is no constitutional violation" (quoting *United States v. Robinson*, 485 U.S. 25, 32 (1988))). Even assuming that the comment was improper, we conclude that Smith has failed to show plain error affecting his substantial rights, considering the brevity of the comment and the evidence supporting his guilt.

Fifth, Smith contends that the district court abused its discretion by admitting an exhibit referencing the bifurcated felon-in-possession charge during the trial on the remaining charges. Smith brought to the district court's attention that the State had introduced an exhibit indicating that the police had impounded a cell phone related to the case. The exhibit lists the charges against him, including the entry "Ex-Felon Poss. of F/A." It appears from the record that the jury was exposed to the exhibit for only a few seconds. After some discussion, the

district court designated the exhibit as a court exhibit so that it would not be given to the jury during its deliberations. Smith requested no additional remedy. Although error was committed in this instance, *see generally Morales v. State*, 122 Nev. 966, 970, 143 P.3d 463, 465-66 (2006) ("As with full severance, bifurcation prevents the State from discussing or producing proof of prior felony convictions until after the jury has deliberated on the charges that are unrelated to the defendant's status as an ex-felon."), given the jury's brief exposure to the exhibit, we conclude that Smith failed to show prejudice.[2]

Sixth, Smith argues that the district court erred by not dismissing a juror based on the juror's contact with a third party. During trial, juror 10 notified the district court that Smith's sister approached him and asked if he knew anything "about the jury selection process and shouldn't there be a black person on the jury." The juror indicated that the encounter would not affect his ability to continue his duties. The remaining jurors were canvassed about any attempted contact with them or if they observed anyone attempting to contact a juror. One juror responded that she observed someone talking to a juror but did not hear

---

[2]Smith argues that this error was compounded by the State's use of a photograph during opening statement that contained his "Scope ID" and date of arrest. It appears from the record that the jury's exposure to the photograph was brief and the parties agreed to redact the challenged information if the photograph was admitted into evidence or otherwise used at trial. Under those circumstances, even if error was committed, Smith has not shown prejudice.

the conversation. At the conclusion of the inquiry, the district court determined that removing juror 10 was "probably not necessary" but would accommodate the parties if they agreed to juror 10's dismissal. After consulting with counsel, Smith declined to seek removal of the juror. Considering Smith's decision not to challenge juror 10 and the lack of any indication that the contact prejudiced him, *see Meyer v. State*, 119 Nev. 554, 563-64, 80 P.3d 447, 455 (2003), we conclude that the district court did not abuse its discretion in this regard, *see Weber v. State*, 121 Nev. 554, 580, 119 P.3d 107, 125 (2005).

Having considered Smith's arguments and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[3]We reject Smith's claim that the cumulative effect of trial error requires reversal of his convictions as any errors committed were immaterial and substantial evidence supports his convictions. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008).

cc: Hon. Jessie Elizabeth Walsh, District Judge
Langford McLetchie LLC
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A