UNITED STATES of America, Appellee,

v.

Albert NASTA, Appellant.

No. 523, Docket 32277.

United States Court of Appeals Second Circuit.

Argued June 17, 1968.

Decided July 17, 1968.

Daniel E. Isles, Orange, N. J., for appellant.

Elkan Abramowitz, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, and Pierre N. Leval, Asst. U. S. Atty. New York City, on the brief), for appellee.

Before MOORE and HAYS, Circuit Judges, and TIMBERS, District Judge.*

TIMBERS, District Judge:

Albert Nasta appeals from a judgment of conviction entered March 15, 1968 upon verdicts of guilty on three counts of a three count indictment after a two day trial in the Southern District of New York before Charles H. Tenney, District Judge, and a jury. Count One charged Nasta and two others, Joseph Abbate and Michael Ricciardi, with selling approximately $5,000 in counterfeit $10 bills on May 20, 1964 in violation of 18 U.S.C. §§ 473 and 2. Count Two charged Nasta and Ricciardi with similar violations for selling approximately $15,000 in counterfeit $10 bills two days later. Count Three charged Nasta, Abbate and Ricciardi with conspiracy to sell counterfeit money in violation of 18 U.S.C. § 371. Nasta was tried separately from the other two defendants and received a two year sentence.

Appellant contends that the government's summation to the jury constituted improper comments on his failure to testify. Appellant also asks us to review the trial court's refusal to order the government to disclose portions of documents pursuant to the Jencks Act, 18 U.S.C. § 3500. We find no error and affirm the judgment of conviction.

The evidence adduced at the short trial is straightforward and may be briefly summarized. Secret Service Agent James D'Amelio testified that he was first introduced to Nasta on May 11, 1964 at a meeting attended by Abbate, a person named Lenny Kaufman, and an informer named Richard Bilello. Nasta indicated that he would supply

---

* Chief Judge of the District of Connecticut, sitting by designation.

the agent with counterfeit bills. Another undercover agent, Leonard Vecchione, testified that he, along with Bilello, met Nasta on May 18. Nasta introduced the agent to a man named "Frankie" and then continued to discuss the arrangement for the sale of counterfeit bills with Vecchione. The two agreed to meet the next evening. They did, and further arrangements were made. On the following day Nasta gave the agent 508 $10 counterfeit bills in return for $600 in real currency from the agent. The agent next met with Nasta on May 22 when the agent paid him an additional $400. Later that day Nasta turned over another 1,480 counterfeit $10 bills to the agent with the expectation of payment. Nasta was then arrested. Surveilling Secret Service agents corroborated the testimony of the two agents as to Nasta's physical movements on the days in question.

Nasta relied completely on the defense of entrapment. The only witness he called was his brother, and he simply as a character witness.

The remarks to which appellant objects were made after defense counsel in his summation had strenuously argued that Nasta had been entrapped. Defense counsel in particular asked the jury to conclude that because the government apparently had no knowledge that Nasta had been dealing in counterfeit money prior to the meeting with Agent D'Amelio, Nasta must not have been predisposed to commit the crimes. In response, the government made the now challenged statements to the effect that there was no evidence from the witness chair that Nasta had not previously dealt in counterfeit money; that there was no testimony or evidence to contradict the government's witnesses; that counsel's remarks could not contradict evidence; and that there was no testimony or evidence that the government persuaded, or in any way induced, Nasta to make the sales.

■ The government's remarks amounted to no more than a general comment on the posture of the case with respect to Nasta's claim of entrapment. Cf. United States ex rel. D'Ambrosio v. Fay, 349 F.2d 957 (2 Cir.), cert. denied, 382 U.S. 921 (1965). Defense counsel's speculative and totally unsubstantiated argument to the jury necessitated and justified the government's response. The jury must have been well aware that in addition to Nasta at least three other persons, Bilello, Kaufman and "Frankie," could have supplied the evidence that the government noted was lacking, if such evidence existed. Furthermore, the trial court in its charge instructed the jury that evidence of inducement could come from the government's own witnesses on direct or cross-examination. Thus the government's comments in no way focused on appellant's failure to take the stand.

■ Even assuming that language in the government's summation was ambiguous and indirectly invited the jury's attention to appellant's failure to take the stand, no possible prejudice could have resulted. The evidence against appellant was overwhelming, and there was nothing in the case to support the claim of entrapment except defense counsel's argument. If there was error, it was "harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 24 (1967).

■ Finally, where as here the comments are at most ambiguous, an instruction to the jury will suffice to avoid possible prejudice. It is appropriate, therefore, to require counsel to make an immediate objection and request curative instructions. Since counsel did not do this but merely moved for a mistrial at the conclusion of the summations, appellant is precluded from raising the issue now. See Holden v. United States, 388 F.2d 240 (1 Cir. 1968); United States v. Weisman, 366 F.2d 767, 768 (2 Cir. 1966); cf. United States v. Kyle, 257 F.2d 559, 564 (2 Cir. 1958), cert. denied, 358 U.S. 937 (1959).

■ We have reviewed the trial court's Jencks Act rulings with respect

to the Secret Service case report and the report of Agent D'Amelio and find no error. Only very small portions of this material were withheld from the defense and none of it related to the direct testimony of the witnesses.

Affirmed.