**UNITED STATES of America,
Appellee,**

v.

**Guiseppe GAMBINA, Sandra Sanchez,
aka "Nancy Rizzo," Joseph
Mannino, Defendants,**

**Ali Abadi, Defendant–Appellant.**

**Docket Nos. 00–1545(L), 02–1076.**

United States Court of Appeals,
Second Circuit.

Nov. 19, 2002.

David I. Schoen (Gail E. Laser, of counsel), New York, NY, for Appellant.

Jo Ann M. Navickas, Assistant United States Attorney, United States Attorney's Office for the Eastern District of New York (Alan Vinegrad, United States Attorney, James A. Walden, Assistant United States Attorney, of counsel), for Appellee.

Present: FEINBERG, CARDAMONE and SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Defendant-appellant Ali Abadi appeals from a July 25, 2000, judgment of conviction of arson in violation of 18 U.S.C. § 371 and conspiracy to commit arson in violation of 18 U.S.C. § 844(i), entered after a jury trial in the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*). On appeal, Abadi argues that (1) the prosecutor's summation and rebuttal remarks denied Abadi a fair trial; (2) trial counsel was ineffective because he stipulated to evidence that was prejudicial to Abadi; (3) trial counsel was ineffective because he was burdened by an actual conflict of interest that adversely affected his performance.

*The Prosecutor's Remarks*

First, Abadi contends that during the government's summation and rebuttal, the prosecutor (1) engaged in personal "attacks" against trial counsel; (2) improperly "vouched" for government witnesses; and (3) "testified" to facts not in evidence. Defendant–Appellee's Br. at 52–62.[1]

As we explained in *United States v. Elias*, 285 F.3d 183 (2d Cir.2002), the defendant bears a heavy burden in making such arguments:

> Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding. To warrant reversal, the prosecutorial misconduct must cause the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process. Remarks of the prosecutor in summation do not amount to a denial of due process unless they constitute egregious misconduct. In assessing whether prosecutorial misconduct caused "substantial prejudice," this Court has adopted a three-part test: the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct.

*United States v. Nasta*, 398 F.2d 283 (2d Cir. 1968), these objections came too late. *Id.* at 285. Abadi's "vouching" and "testimony" arguments, therefore, are subject to plain error review. *United States v. Canniff*, 521 F.2d 565, 572 (2d Cir.1975).

---

1. During summations, defense counsel made a timely objection to the alleged personal "attacks." Abadi's other two objections—his "vouching" and "testimony" objections—were not made until after summations, when Abadi moved for a mistrial. Under the rule of

*Id.* at 190 (internal citations and quotation marks omitted). Moreover, when we review a prosecutor's closing arguments, it is essential that we consider the entire record, rather than limiting ourselves to the comments challenged by the defendant. *United States v. Canniff,* 521 F.2d 565, 571 (2d Cir.1975).

■ Upon reviewing the record, we conclude that the prosecutor's remarks did not cause "substantial prejudice." While some of these comments were inappropriate, none were severe or egregious. Moreover, the challenged remarks were substantially mitigated by defense counsel's objections, the trial court's instructions, and the prosecutor's clarifications. Finally, there was overwhelming evidence of Abadi's guilt. If the prosecutor had omitted the questioned remarks, we do not think that the jury's verdict would possibly have been different.

### Trial Counsel's Stipulation

■ Second, Abadi alleges that trial counsel was ineffective because he stipulated to two facts: (1) that an earlier fire had occurred at Abadi's clothing boutique and (2) that Abadi's family had filed insurance claims for damages caused by that earlier fire. As a general matter, a defendant who alleges a Sixth Amendment violation must demonstrate both that counsel's conduct fell below an objective standard of reasonableness and that but for counsel's deficient conduct, the result of the trial would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Abadi has shown neither.

At trial, Abadi was represented by Gerald Shargel, Esq. In respect to the earlier fire, Shargel twice objected to the introduction of the earlier fire evidence, obtained a limiting instruction from the trial court, and preserved the issue for appeal.

After the court ruled that the evidence would be admitted, Shargel took exception. He then agreed, however, to enter into the stipulation. Shargel did so in the apparent belief that a stipulation would be less harmful to his client than testimony elicited by the prosecutor establishing those facts. That entirely rational course of action does not constitute ineffective assistance of counsel.

### Trial Counsel's Alleged Conflict of Interest

■ Finally, Abadi contends that Shargel was burdened by an actual conflict of interest that adversely affected his performance at trial. The facts underlying the alleged conflict are not disputed. Before Shargel represented Abadi, he represented Fabio Bartolotta. In an earlier indictment, Bartolotta—along with Abadi's other co-conspirators—was charged for the arson of Abadi's boutique, in addition to several unrelated crimes. On March 26, 1997, Shargel withdrew as Bartolotta's counsel. Over one year later, Bartolotta pled guilty and implicated Abadi. Several months later, Shargel filed an appearance as Abadi's counsel. Bartolotta did not testify at Abadi's trial.

On appeal, Abadi argues that this "conflict" rendered Shargel unwilling or unable to: (1) apprise Abadi of the advantages of a guilty plea; (2) call Bartolotta as a witness; (3) cross-examine Sandra Sanchez, another co-conspirator, about the earlier indictment; or (4) cross-examine Sanchez about another arson.

To prevail, Abadi must demonstrate that there was an "actual" conflict of interest in which Shargel "actively represent[ed] conflicting interests" such that the interests of Shargel and Abadi "diverge[d] with respect to a material factual or legal issue or to a course of action." *United States v. Stantini,* 85 F.3d 9, 16 (2d Cir.1996) (citations and quotation marks omitted); *see*

*also Winkler v. Keane,* 7 F.3d 304, 307 (2d Cir.1993). Once this is established, Abadi must then show that the conflict "adversely affected counsel's performance," *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), causing a "lapse in representation" in which Shargel failed to pursue a "plausible alternative defense strategy or tactic," *Winkler,* 7 F.3d at 309.

Abadi has not established any of these factors. First, he has not offered any evidence, in his affidavit or elsewhere, to suggest that he would have pled guilty if he had been advised to by counsel. *See Stantini,* 85 F.3d at 16–17. Second, he has not shown that it was "plausible" to call Bartolotta as a defense witness. In fact, the evidence suggests that it was not. When Shargel interviewed Bartolotta, Bartolotta refused to answer Shargel's questions, and stated only that Abadi should enter a guilty plea. There was thus a substantial danger that, if Bartolotta had been called as a witness, he would have implicated Abadi further in the arson. Third and fourth, Abadi has offered no plausible links between Shargel's alleged "conflict" and his alleged "lapses" during his cross-examination of Sanchez.

On this last point, Abadi argues that he need not demonstrate any causal connections between the "actual conflict" and the "lapses in representation." He is mistaken. To prevail on an "actual conflict" claim, a defendant must prove that the conflict "adversely *affected* counsel's performance"—that counsel's lapses "*resulted* from," or were "*due to,*" the conflict of interest itself. *Winkler,* 7 F.3d at 307, 309 (emphasis added and citation and quotation marks omitted). Abadi has not done so.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.