08-1134-cr (L), 08-4156-cr (Con)
USA v. Carmona

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 14th day of January, two thousand ten.

Present:    ROBERT D. SACK,
            ROBERT A. KATZMANN,
                        *Circuit Judges*,
            DENNY CHIN,
                        *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

                *Appellee*,

                - v -                          No. 08-1134-cr (L), 08-4156-cr (Con)

WALTER CARMONA, BENHUR CARMONA,

                *Defendants-Appellants*.

_____

For Walter Carmona:                     STEVEN A. FELDMAN, Feldman & Feldman,
                                        Uniondale, N.Y.

---

[*] The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

For Benhur Carmona:                          ROGER BENNET ADLER, New York, N.Y.

For Appellee:                                NICHOLAS J. LEWIN, Assistant United States
                                             Attorney (Nicole W. Friedlander and Michael A.
                                             Levy, Assistant United States Attorneys, *on the
                                             brief*), *for* Preet Bharara, United States Attorney
                                             for the Southern District of New York, New
                                             York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Daniels, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendants-appellants Walter Carmona and Benhur Carmona appeal from judgments entered on March 3, 2008 and August 6, 2008, respectively, in the United States District Court for the Southern District of New York (Daniels, *J.*), (1) convicting Walter Carmona, following a guilty plea, of conspiring to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and (2) convicting Benhur Carmona of that same crime, following a jury verdict. Walter Carmona was sentenced principally to 218 months' imprisonment, and Benhur Carmona was sentenced to 188 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history of this case, and the specification of issues on appeal.

The sole argument raised by Walter Carmona on appeal is that the district court improperly denied him credit for acceptance of responsibility at sentencing, based on his post-plea conduct. "[A] district court's decision not to grant a defendant a section 3E1.1 adjustment [for acceptance of responsibility] is entitled to great deference on review." *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (per curiam) (citation and internal quotation marks

2

omitted). "Whether the defendant has accepted responsibility is a factual question, and a district court's determination in this regard should not be disturbed unless it is without foundation." *Id.* (quotation marks and alterations omitted). "Although a guilty plea is significant evidence of acceptance of responsibility, it does not entitle the defendant to an adjustment . . . as a matter of right; other conduct . . . that is inconsistent with . . . acceptance of responsibility may outweigh a guilty plea." *United States v. Hirsch*, 239 F.3d 221, 226 (2d Cir. 2001) (citations and internal quotation marks omitted).

Here, although Walter Carmona pleaded guilty to the charged offense, he nevertheless refused to admit to the full extent of his participation in the charged conspiracy, and the government was thus forced to marshal its evidence at a *Fatico* hearing so that the district court could assess Carmona's role in the conspiracy for sentencing purposes. At the *Fatico* hearing, the district court concluded that, contrary to his repeated assertions, Carmona was a leader of the charged conspiracy, and was responsible for at least 400 to 500 kilograms of cocaine. Given that Carmona does not challenge the district court's factual findings in this respect, and in light of Carmona's repeated refusal to fully and truthfully admit the conduct comprising his offense, we see no abuse of discretion in the district court's decision to deny Carmona a role reduction for acceptance of responsibility. *See*, *e.g.*, *United States v. Brennan*, 395 F.3d 59, 75 (2d Cir. 2005) (affirming denial of credit for acceptance of responsibility where, *inter alia*, defendant "sought to minimize or conceal the extent of his guilt by grossly misstating the facts"); *United States v. McLean*, 287 F.3d 127, 134 (2d Cir. 2002) (affirming denial of credit for acceptance of responsibility where defendant pleaded guilty but falsely denied quantities of drugs that the district court determined were attributable to him); *see also* U.S. Sentencing Guidelines Manual

3

§ 3E1.1 cmt. (n.1) (2009) ("a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility").

Benhur Carmona challenges the district court's decision to allow into evidence testimony from Juan Perez, a cooperating witness, concerning Carmona's prior drug-related dealings with his co-conspirators. We review a district court's evidentiary rulings for abuse of discretion. *See United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). A district court abuses its discretion only if it "acted in an arbitrary and irrational manner." *United States v. Lombardozzi*, 491 F.3d 61, 79 (2d Cir. 2007).

This Court follows an "inclusionary approach" with respect to Rule 404(b) evidence and "allows evidence for any purpose other than to show a defendant's criminal propensity." *Id.* at 78 (internal quotation marks omitted). The district court did not abuse its discretion here, because it allowed the testimony regarding Carmona's prior bad acts in order to "provide background for the events alleged in the indictment" and to "enable the jury to understand the complete story of the crime[] charged, [and] how the illegal relationship between [the] coconspirators developed." *United States v. Reifler*, 446 F.3d 65, 91-92 (2d Cir. 2006) (internal quotation marks omitted). Such testimony falls squarely within the ambit of evidence that may be admitted under Rule 404(b). Indeed, the admission of such evidence was particularly appropriate here, because "[w]ithout [it] the jury would have had a truncated and possibly confusing view of the respective roles played by [the co-conspirators] and of the basis for the trust between [them]." *United States v. Brennan*, 798 F.2d 581, 590 (2d Cir. 1986).

Benhur Carmona next argues that the district court improperly qualified DEA Specialist

4

Alexandra Valencia as an expert witness to testify regarding certain codes used by narcotics dealers in their communications. We review a district court's decision to admit expert testimony for abuse of discretion. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 158 (1999).

We have long recognized that "drug dealers rarely speak openly about their trade; instead, they often engage in a so-called 'narcotics code.'" *United States v. Cancelmo*, 64 F.3d 804, 808 (2d Cir. 1995). Thus, we have repeatedly reaffirmed the government's ability to "elicit expert testimony from a properly qualified expert witness regarding the parlance of the narcotics trade and the meaning thereof." *United States v. Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987). Here, the record indicates that the government's expert witness had 14 years' total experience with the DEA, including 11 years in the wire room and seven years as the wire room supervisor. She was responsible for interpreting the real meaning behind coded drug language, and, as a supervisor, she trained her employees to identify and understand commonly used drug code. During her 11 years in the wire room, Valencia monitored more than 100,000 phone calls involving up to 3,000 separate phones across 500 different investigations, giving rise to "several hundred" arrests. In light of the "broad latitude" that district courts have with respect to the question of a witness's qualifications to provide expert testimony, *Kumho*, 526 U.S. at 153, and given Valencia's extensive qualifications and experience in interpreting drug code, we see no ground for disturbing the district court's decision. *See United States v. Simmons*, 923 F.2d 934, 946 (2d Cir. 1991) (holding that veteran DEA agent was "well-suited" to offer expert testimony about coded narcotics terminology).

Benhur Carmona next contends that the government's summation deprived him of a fair trial, arguing that the prosecutor (1) improperly commented on Carmona's Fifth Amendment

5

privilege;[*] (2) acted as an unsworn witness; and (3) improperly vouched for the credibility of cooperating witness Juan Perez. "[R]eversing a criminal conviction for prosecutorial misconduct is a drastic remedy," however, *United States v. Valentine*, 820 F.2d 565, 570 (2d Cir. 1987), and we thus grant a new trial based on remarks made by a prosecutor only if the misconduct "cause[s] the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Parkes*, 497 F.3d 220, 233 (2d Cir. 2007).

We note that some of the prosecutor's comments in his summation were ill-advised. *First*, at the end of the summation, the prosecutor posed three questions that he "hope[d]" defense counsel, whom he identified by name, would answer "right away." Although a prosecutor may permissibly comment on defense counsel's "failure . . . to contradict the factual character of the government's case," *United States v. Bubar*, 567 F.2d 192, 199 (2d Cir. 1977), by calling specifically on defense counsel to answer the questions, the prosecutor here could have led the jury to believe that the defendant had an obligation to answer the questions, *see United States v. Mapp*, 170 F.3d 328, 337-38 (2d Cir. 1999) (observing that prosecutor's posing of questions for defense counsel to answer in summation "may have straddled the fine line between arguing that the government's case has been largely uncontradicted and impermissibly suggesting that the defendant has an obligation to testify or that he has any burden of proof," but holding that any prejudice was cured by the trial court's curative instruction). *Second*, earlier in the

---

[*] Carmona's argument in this respect is subject to plain error review, because he failed to "make an immediate objection and request curative instructions," and instead merely "moved for a mistrial at the conclusion of the summations." *United States v. Nasta*, 398 F.2d 283, 285 (2d Cir. 1968).

summation, when discussing a purportedly coded telephone call, the prosecutor said "I'll submit to you what I believe is going on in this call." While it would be "entirely reasonable" for the prosecutor "to argue to the jury, and to suggest [that certain] inference[s] . . . be drawn from the evidence," *United States v. Casamento*, 887 F.2d 1141, 1189 (2d Cir. 1989), here the prosecutor could be seen as giving his personal belief as to the meaning of the call, thereby putting his own credibility into issue, *see United States v. Melendez*, 57 F.3d 238, 240-41 (2d Cir. 1995) ("The essential vice of a statement of personal belief by the prosecutor is the implication that the prosecutor's opinion is based on matters uncovered by the Government's investigation but not presented in the evidence at trial."). *Third*, during his summation and rebuttal, the prosecutor repeatedly used the phrase "I submit." While "a prosecutor's use of the pronoun 'I' does not automatically wreck the case," *United States v. Eltayib*, 88 F.3d 157, 173 (2d Cir. 1996), as this Court has observed, it is "'poor practice,'" for it creates the risk that the prosecutor's own credibility will become an issue, *see id.* at 172-73 (quoting *United States v. Nersesian*, 824 F.2d 1294, 1328 (2d Cir. 1987)).

Nevertheless, considering the trial proceedings as a whole, we conclude that Benhur Carmona did not suffer substantial prejudice, and that he was not deprived of a fair trial. Even assuming that there was misconduct, such misconduct was not severe, the trial court's instructions were sufficient, and the proof of defendant's guilt was strong. *See Melendez*, 57 F.3d at 241 (where defendant seeks a new trial based on alleged prosecutorial misconduct, a court must consider "the severity of the misconduct, the measures adopted to cure it, and the certainty of conviction in the absence of the misconduct"). "It is a 'rare case' in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United*

7

*States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir. 1992) (quoting *Floyd v. Meachum*, 907 F.2d 347, 348 (2d Cir. 1990)). This is not one of those rare cases.

Finally, Benhur Carmona challenges two aspects of the district court's jury charge, arguing that the district court improperly refused to instruct the jury concerning (1) Carmona's theory of defense; and (2) multiple conspiracies. We review these claimed errors *de novo*, *United States v. Quattrone*, 441 F.3d 153, 177 (2d Cir. 2006), while bearing in mind that in order "[t]o secure reversal based on a flawed jury instruction, [Carmona] must demonstrate both error and ensuing prejudice." *United States v. Quinones*, 511 F.3d 289, 313 (2d Cir. 2007).

We find no error. Although a criminal defendant has a "right to a jury charge which reflects the defense theory," *United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir. 1991), a defendant "cannot dictate the precise language of the charge," and "[i]f the substance of a defendant's request is given by the court in its own language, the defendant has no cause to complain." *United States v. Han*, 230 F.3d 560, 565 (2d Cir. 2000). The first sentence of Carmona's requested instruction merely consisted of an assertion that the government had failed to establish Carmona's guilt beyond a reasonable doubt. Because the district court repeatedly instructed the jury regarding the law governing Carmona's presumption of innocence and the need for the government to prove Carmona's guilt beyond a reasonable doubt, we see no error in the district court's refusal to give Carmona's requested instruction. Furthermore, the second sentence of Carmona's requested instruction was not framed as a theory of the defense, but instead as a bald assertion instructing the jury that the government's cooperating witness was not credible. The district court was in no way "required to review or marshal the evidence for the jury," however, *GAF Corp.*, 928 F.2d at 1263, and, in any event, the district court repeatedly

8

instructed the jury as to how to properly weigh the testimony of a cooperating witness.

We likewise find no error in the district court's refusal to give his requested "multiple conspiracies" instruction, because, even assuming that the evidence did demonstrate the existence of multiple conspiracies, overwhelming evidence supported Carmona's membership in the conspiracy charged. *See United States v. Vazquez*, 113 F.3d 383, 386 (2d Cir. 1997) (a multiple conspiracies instruction need not be given where there is "ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment").

We have considered all of the defendants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By:_____
